Jonathan Richards *et al.*, Appellants, *v.* The Michigan Southern and Northern Indiana Railroad Company, Appellee.

#### APPEAL FROM COOK.

To terminate its liability as a common carrier, a railroad company is not bound to give notice of the arrival of goods.
When goods reach their destination, and are properly stored, the responsibility of the carrier ceases, and that of warehouseman attaches.
If notice of the arrival of goods, requiring their removal in twenty-four hours, is given, it does not follow that the liability as carrier continues for that time ; such a notice only implies that the goods may remain twenty-four hours free of charge.

This is an action of assumpsit. The declaration contains three counts and the common counts. The first count states the defendant to be a common carrier, by railway, of goods, from Toledo in Ohio to Chicago in Illinois; that plaintiffs, on the 8th August, 1856, delivered to defendant a box of goods, of the

value of two hundred dollars, to be carried to Chicago and to be there delivered to plaintiffs; that for the charges to be paid thereon, defendant received the goods and promised to carry and safely deliver them at Chicago to plaintiffs; but not regarding, etc., did not take care of the goods, but lost the same and did not deliver them.

2nd count. In consideration that plaintiffs, at Toledo, delivered to defendant a parcel of goods directed to plaintiffs, to be carried to Chicago, and there be delivered to plaintiffs, the defendant promised to carry and deliver the goods at Chicago, to plaintiffs, but did not deliver them.

3rd count. In consideration that the defendant, as common carrier on, etc., at Chicago, at its own request had the care and custody of plaintiffs' goods, the defendant undertook to take due care of them while in its custody, and deliver same to plaintiffs, but took so little care of them that they were lost.

Common counts, for money paid, had and received, on account stated.

The defendant pleaded the general issue.                    .

The cause was submitted to the court upon an agreed statement of facts.

At October term, 1857, the court, MANIERRE, Judge, rendered judgment for the defendant.

The facts agreed upon are: That the defendant is carrier of goods, by railway, from Toledo in Ohio to Chicago in Illinois. That the plaintiffs bought, at Baltimore, a box of goods, worth, at Chicago, one hundred and eighty-five dollars, which came into possession of defendant at Toledo, and was carried by it to Chicago. The defendant had paid back charges of three dollars and sixty-three cents, and its charge for carriage to Chicago was three dollars fifty-seven cents. The cars containing the box reached Chicago at 9 P. M. of the 12th August, 1856, and the box was unloaded into defendant's warehouse at noon of the 13th August.

A notice of receipt of the goods was put into the post office, at Chicago, between the hours of five and six on that afternoon, the 13th August. The following is the notice: .

MICHIGAN SOUTHERN & NORTHERN INDIANA R. R. ⎫<br>FREIGHT AGENT'S OFFICE,   ⎬<br>CHICAGO, August 13th, 1856. ⎭

RICHARDS, CRAMBURGH & SHAW:

The following articles, consigned to your address, are now ready for delivery at this depot, viz. :

1 box D Goods.

Weight, 420.

You are requested to remove the same within twenty-four hours, otherwise it will be put in store at the expense and risk of the owner. In no case will freight

Richards et al. *v.* Michigan Southern and Northern Indiana Railroad Co.

be delivered except to the owner or consignee, or to his written order, unless it is called for by yourself. Please send this notice, after having signed the order below, and insert the name of the person to whom you wish it to be delivered.

Yours respectfully, CHARLES M. GRAY, *Agent.*

Plaintiffs received this notice from the post office at 10 o'clock, forenoon, August 14th.

On the evening of the 13th August, between seven and eight o'clock, a fire broke out in a stable near defendant's warehouse, which extended to and destroyed the warehouse containing plaintiffs' goods. The fire did not originate in any negligence of defendant, nor was defendant negligent in efforts to save the goods from burning. The goods of plaintiffs were burned in said fire.

MARSH & KING, for Appellants.

A. CAMPBELL, JUDD & WINSTON, and GLOVER & COOK, for Appellee.

WALKER, J. This was an action of assumpsit, brought by plaintiffs, in the Cook Circuit Court, for the recovery of the value of a box of merchandise, shipped over defendant's road from Toledo to Chicago, which, as the agreed facts of the parties show, was taken by defendant to the latter place, at 9 o'clock P. M., on the twelfth day of August, 1856, and was unloaded from the cars and placed in defendant's warehouse, at noon of the 13th August, 1856, and a notice was put into the post office, between five and six o'clock P. M., that the box had arrived, consigned to plaintiffs, and was ready for delivery, and they were requested to remove the same within twenty-four hours, or it would be put in store at the expense and risk of the owner; that plaintiffs received this notice from the post office at ten o'clock in the forenoon, on the fourteenth of August. Between seven and eight o'clock, on the evening of the thirteenth, a fire broke out in a stable near defendant's warehouse, which extended to and destroyed the warehouse containing these goods; that the fire did not originate in any negligence of the defendant, nor the loss by negligence of defendant in the use of efforts to preserve the goods; that the goods were destroyed by the fire in the warehouse, and that these goods were worth, in Chicago, one hundred and eighty-five dollars. The cause was tried by the court, without the intervention of a jury, by consent, when the court found for and rendered a judgment in favor of defendant, from which plaintiffs appeal to this court.

This court has held, at the present term, in the case of *Porter* v. *The Chicago and Rock Island Railroad,* that to terminate

its liability as a common carrier, it is not necessary that a railroad should give notice of the arrival of goods to the owner and consignee. And that so soon as the goods arrive at their destination, or at the terminus of their road, and they are unloaded and placed safely and securely in the defendant's warehouse, that the responsibility of common carriers ceases, and that of warehousemen attaches. In this case there was an attempt to give notice, which did not reach plaintiffs until after the goods were destroyed. But it is insisted that, as this notice only required the plaintiffs to remove the goods within twenty-four hours, otherwise they would be put in store at the expense and risk of the plaintiffs, that the defendant thereby undertook to keep them until that time expired, under the liability of a common carrier. The true construction of this notice, it seems to us, is, that the goods could remain in defendant's warehouse, free of charge during that time, and if not removed, the defendant would afterwards charge storage as warehouseman, or if they chose, have them stored with some other warehouseman, at plaintiffs' expense and risk. This notice is certainly as susceptible of this construction as the one contended for by plaintiffs, and if the defendant is to be held liable for such greatly increased responsibility by contract, the intention should be clear and not by such doubtful construction. There is no pretense that there was any fault chargeable to defendants in the loss of these goods, and therefore they cannot be charged for their loss, as warehousemen or common carriers. We are therefore of the opinion that the court below committed no error in rendering the judgment which it did, and that it should be affirmed.

*Judgment affirmed.*