KERSEY H. FELL, Appellant, *v.* WILLIAM CESSFORD, Appellee.

### APPEAL FROM McLEAN.

In order to take the benefit of the limitation under claim and color of title, the payment of taxes must be by the person who holds the color of title. If the taxes for any year of the seven were paid by one in whom the title was not existing, the limitation fails.

THIS is an action of ejectment, commenced by Kersey H. Fell, against William Cessford, on the third day of February, 1860, in the McLean Circuit Court, to recover possession of lot eight in block eight, in Allin, Gridley and Prickett's Addition to Bloomington.

In January, 1861, the cause came on for trial, and was by agreement tried by the court without the intervention of a jury.

The bill of exceptions shows that on the trial of the cause, appellant offered and read in evidence, without objection:

1. The certificate of the register of the land office, proving entry of the north half of the north-west quarter of Section 4, Town 23, Range 2 east of third principal meridian, in McLean county, by James Latta, October 14, 1830.

2.  A deed from James Latta to James Allin, dated February 1, 1832, conveying sixty acres off west end of said north half of north-west quarter.

3.  The plat of Allin, Gridley and Prickett's Addition to Bloomington, properly certified, acknowledged and recorded, and laid off on a part of the north-west quarter of said Section 4, by James Allin, Asahel Gridley, and David Prickett; said plat containing, among others, block eight, composed of ten lots, one of which is lot eight.

4.  Appellant then introduced one Peter Folsom, who testified that he was county surveyor, and knew the premises in controversy; that block eight containing said lot eight, was laid off on the premises known as sixty acres off the west end of the north half of the north-west quarter of Section 4, aforesaid.

5.  A power of attorney, regularly executed and recorded, from James Allin and David Prickett, to Asahel Gridley, dated November, 1836, authorizing Gridley to convey any and all lots in Allin, Gridley and Prickett's Addition, aforesaid, etc.

6.  A deed, regularly executed and recorded, from Asahel Gridley and James Allin and David Prickett, by Gridley their attorney, to William L. Newbold, dated March 10th, 1837, conveying the lot eight in controversy.

7.  A deed, regularly executed and recorded, from William L. Newbold to Kersey H. Fell, dated March 5th, 1855, conveying said lot eight.

8.  The return on the declaration, showing that appellee was in possession of said lot eight.

And here appellant rested.

Appellee then offered in evidence:

A deed from the sheriff of McLean county, Illinois, to James Allin, dated September 18th, 1843, conveying said lot eight; and purporting on its face to be based on a sale of taxes on the tenth day of May, 1841. The deed was regularly executed and recorded.

A quit-claim deed from James Allin to James Allin, Jr., of McLean county, Illinois, dated February 11th, 1852, releasing and quit claiming all interest in said block eight—the consideration being one dollar, and natural love and affection. This deed was regularly acknowledged and recorded.

A quit-claim deed, regularly executed and recorded, from James Allin, Jr., to Peter Donahue, of date October 26th, 1854, quit claiming and releasing all his interest in said lot eight; said deed contains this statement, to wit: " the party of the first part (Allin) conveys and quit claims to the party of the second part (Donahue) his heirs, etc., all the interest of the party of the first part in and to the following lot, piece, or par-

cel of land, which the party of the first part holds and hereby conveys under a tax title, to wit, lot eight, etc."

It was then admitted that the defendant was the tenant of Peter Donahue, and holding said premises as such.

The defendant then introduced tax receipt of date June 3rd, 1853, for taxes of 1852, paid by James Allin, Jr. Also tax receipt of date April 24th, 1854, for taxes of 1853, paid by James Allin, Jr. Also tax receipt of date October 11th, 1855, for taxes of 1854, paid by James Allin, Jr.; to the introduction of this receipt plaintiff objected—court overruled the objection and plaintiff excepted; and then defendant proved payment of taxes by Peter Donahue for the years 1856, 1857, 1858, 1859, 1860.

Defendant then introduced the collector's book of 1854, showing the assessment of lot eight in the name of James Allin, Jr.

The defendant then introduced *James Allin, Jr.*, who testified that about six months after he made his deed to Donahue, said Donahue took possession of the lot and built a house on it; or it might have been from six to twelve months after making the deed that the house was built and possession taken of the lot. Allen also testified that he paid the taxes of 1854 with his own money, October 11th, 1855.

This was all the evidence offered.

On the foregoing evidence the court rendered its decision in favor of defendant. The plaintiff moved for a new trial, the motion was overruled, and plaintiff excepted, and judgment rendered for defendant. And plaintiff prayed and obtained an appeal.

W. W. ORME, for Appellant.

HOGG & REEVES, for Appellee.

BREESE, J. We propose to examine but one of the points made in the case, and that is, did color of title and payment of taxes for seven successive years, concur in the appellee, who was defendant below.

The appellant made out a clear legal title to the premises, through conveyances from the original patentee of the land, of which the lot in question was a part.

The defendant exhibited a deed from the sheriff of McLean county, to James Allin, dated in September, 1843, based on a sale for taxes on the 10th May, 1841—a quit claim deed from Allin to James Allin, Jr., dated Feb. 11, 1852, releasing to him all his interest in the lot, and a quit claim deed from James Allin, Jr., to Peter Donahue, dated Oct. 26, 1854. It was admitted the defendant was tenant of Donahue. The defendant then

introduced a tax receipt, dated June 3, 1853, for the taxes of 1852, paid by James Allin, Jr.; also one dated April 24, 1854, for the taxes of 1853, paid by the same person ; also a tax receipt dated October 11th, 1855, for the taxes of 1854, paid by the same person; and then proved payment of taxes by Peter Donahue, his grantee, for the years 1856, 7, 8, 9, and 1860. The collector's book of 1854 showed the assessment of the lot in the name of James Allin, Jr. The defendant then proved by James Allin, Jr., that about six or twelve months after he made his deed to Donahue, he, Donahue, took possession of the lot and built a house on it. He also testified that he paid the taxes of 1854 with his own money, on the 11th October, 1855.

The suit was brought to the February term, 1860, of the McLean Circuit Court.

The appellee contends that these facts bring him within the eighth section of our limitation act or conveyance act, chap. 24.

That section is familiar to all. It provides for an actual possession of lands or tenements under claim and color of title made in good faith, and a continuance in such possession for seven successive years, and for the payment of all taxes legally assessed on such land or tenement during that time. These facts combined or concurring, make the party setting them up the legal owner of the land or tenement to the extent and according to the purport of his paper title, (Scates' Comp. 750.) The want of any one of them, vitiates the title.

The proof in this case does not show, first, a continued possession of seven years, nor does it show the payment of taxes for seven successive years—the taxes for the year 1855 being unpaid, nor does it show, that the payment of taxes and color of title unite in one and the same person at the times the taxes were paid. James Allin, Jr., did not hold the color of title when he paid the taxes of 1854. They were paid by him with his own money in October, 1855, one year before which time, he had transferred his title, whatever it was, to Donahue, so that at the time of this payment, the color of title was in Donahue. The benefit of this payment cannot enure to the benefit of the purchaser from him. For that year, Allin paid the taxes, and Donahue held the color of title.

The case seems to fall fully within the decisions in *Cofield* v. *Furry,* 19 Ill. 186 ; *Newland* v. *Marsh,* ib. 385 ; *Dunlap* v. *Daugherty,* 20 Ill. 404 ; *Dawley* v. *Van Court,* 21 ib. 462 ; and *Bride* v. *Watt,* 23 ib. 512.

The judgment is reversed, and the cause remanded for further proceedings consistent with this opinion.

*Judgment reversed.*