## T. JUDSON HALE

*v.*

## LEVI GLADFELDER *et al.*


1. LIMITATION ACT OF 1839—*when the bar of the statute can be made availing to recover possession.* When the bar of the statute has become complete, under the second section of the act of 1839, by the concurrence of claim and color of title acquired in good faith, payment of taxes for seven successive years under such color of title, and the actual taking of possession of

| 52 | 91 |
| 22a | 359 |
| 22a | 361 |
| 52 | 91 |
| 127 | 93 |
| 52 | 91 |
| 142 | 195 |
| 52 | 91 |
| 148 | 274 |
| 52 | 91 |
| 158 | 523 |
| 52 | 91 |
| 174 | 388 |
| 52 | 91 |
| 180 | 383 |
| 52 | 91 |
| 187 | 1303 |
| 52 | 91 |
| 194 | 1455 |

the premises, such bar cannot only be invoked as a shield to protect the holder of such color of title in his possession against every one; but if his possession be invaded, or the premises again become vacant and another shall make entry, even if the latter hold the paramount title, the holder of the color of title may sue, and recover his lost possession.

2.   The bar of the statute having become complete, the right of the person entitled to its benefits to have and enjoy the possession is as perfect as though he were actually invested with the title, and, as against him, the holder of the paramount title can not use it for the purpose either of recovery or defense, until he shall have destroyed the bar, by purchase, limitation, or by some other mode equally effectual.

3.   And as respects the right of the person in whose favor the bar of the statute, under the act of 1839, has accrued, to sue for and recover his lost possession, in an appropriate action, even against the holder of the paramount title, there is no difference in the construction to be given to the first and second sections of that act. Although there may be a difference in the manner of acquiring the bar under the two sections, yet, when acquired under either, the rights resulting therefrom are the same.

4.   SAME—*in whom the elements of the bar of the statute may concur.* It is not essential that the three elements of the bar of the statute, under the second section of the act, as, the color of title, payment of taxes, and taking possession, should all concur through the same person; but, as in this case, one may acquire the color of title and pay the taxes for the required period and then make conveyance to another, to whom all the rights of the grantor will pass, and a third person may, under a contract of purchase from such grantee, enter into possession, and thus the bar of the statute will become complete.

5.   SAME—*of an abandonment of the possession by a purchaser—rights of his vendor.* Where a person acquires color of title to vacant and unoccupied land, and has paid the taxes for the period required by the statute, and then conveys the premises by deed, neither the grantor nor grantee having yet taken possession, if a third person, under a contract of purchase from such grantee, enter into possession, such possession of the purchaser, for the purposes of the statute, will be deemed to be that of the vendor, and his occupancy subordinate to the title of the vendor, so that if the purchaser subsequently abandons the premises, with the intention not to return, but without the knowledge or consent of his vendor, the rights of the latter, with respect to the bar of the statute, will not be at all affected by such abandonment, and if any one, even the holder of the paramount title, subsequently enters into possession, such vendor, by virtue of the concurrence, in that manner, of all the elements of the bar of the statute, may, by an action of ejectment, recover the possession to which he had become entitled.

6.  SAME—*who may pay the taxes, so as to be availing to a subsequent grantee.* A person having acquired color of title to vacant and unoccupied land, made conveyance thereof the same year, but continued to pay the taxes even longer than the seven years, and then made another conveyance to a different person, who had no notice of the former conveyance: *Held,* that the second grantee, being an innocent purchaser, would be protected under the statute, and the payment of taxes by his grantor would inure to his benefit as the subsequent holder of the color of title.

7.  FORMER DECISION. This ruling is not in conflict with the case of *Fell* v. *Cessford,* 26 Ill. 522.

APPEAL from the Circuit Court of Knox county; the Hon. ARTHUR A. SMITH, Judge, presiding.

The opinion states the case.

Mr. L. DOUGLAS, for the appellant.

Messrs. FROST & TUNNICLIFF, Mr. P. H. SANFORD and Mr. M. SHALLENBERGE, for the appellees.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was an action of ejectment, brought by appellant in the Knox circuit court, against appellees, to recover the southeast quarter of section fourteen, in township twelve north, of range four east.   A trial was had before the court and a jury, where the issues were found for the defendants.   On the trial below, appellant produced evidence of claim and color of title in the name of James Stewart, and payment of taxes by him from the year 1838 to 1853 inclusive, and that the land was vacant and unoccupied during that time.   He also read in evidence a deed from Stewart to himself for the land, dated the 17th day of January, 1856.   It was agreed by the parties that appellant sold the premises to one David Swickard, by a written agreement, and that he took possession of the land and commenced its improvement in the fall of 1857, and remained in possession until the fall of 1858.   That he enclosed it with

a fence; that he then abandoned the contract and removed the improvements without the knowledge or consent of appellant; that prior to the fall of 1857 the quarter had alwáys been vacant and unimproved; that after Swickard left the place it remained vacant until appellee took possession.

Appellant urges a reversal upon the grounds that he showed a right to recover under the claim and color of title, with payment of taxes for the required period, united with his possession by Swickard, and that the court erred in the instructions given and in overruling a motion for a new trial; that he brought himself within the second section of the limitation act of 1839, and should have had a judgment in his favor.

The second section of that act declares, "That whenever a person having claim and color of title, made in good faith, to vacant and unoccupied land, shall pay all taxes · legally assessed thereon for seven successive years, he or she shall be deemed and adjudged to be the legal owner of said vacant and unoccupied land, to the extent and according to the purport of his or her paper title. All persons holding under such tax payer, by purchase, devise or descent, before the said seven years shall have expired, and who shall continue to pay the taxes as aforesaid, so as to complete the payment of taxes for the time aforesaid, shall be entitled to the benefit of this section."

Under this provision of the law, it is perfectly obvious that Stewart had fully entitled himself to its benefits, unless he acted in bad faith. He held claim and color of title, and paid all taxes legally assessed, for fifteen years, more than double the statutory period. The land was vacant and unoccupied during that period. Under the decisions of this court he had only to reduce the property to possession to render his color of title and payment of taxes availing. Had he entered into possession and been sued for the land, it is apparent that he could have invoked the statute as a complete bar to a recovery, unless he held the color in bad faith. This being his right, any person having purchased of him his claim and color of

title succeeded to his rights under the statute. Appellant, then, having acquired a conveyance from him, succeeded to all of his rights.

After this purchase, appellant, through Swickard, with whom he had contracted to sell the land, acquired the possession and held it for one year. And Swickard having entered and held under and in subordination to appellant's title, had he been sued before he abandoned the premises, could have invoked the aid of the statute with effect. The bar of the statute was then complete, and had vested in appellant by reason of his possession by his vendee.

In the case of *Hinchman* v. *Whetstone*, 23 Ill. 185, it was held, where a party had been in possession under the first section of this act, so as to obtain the bar of the statute, and permitted the improvements to decay, or be removed, and the premises to become vacant, and the owner of the adverse title, which had been barred, regained possession, the person who acquired the bar by his possession under claim and color of title, and the payment of taxes, may recover, unless the owner of the adverse title has in like manner held possession, and paid taxes until he has acquired the bar of the statute. In that case there was an extensive review of the authorities, and it was held that whilst the statute did not confer the absolute title, still it did confer a right to hold and enjoy the possession precisely as if he was invested with the title, and that if his possession was invaded, or the premises become vacant, and another should make entry, even if he held the paramount title, he might sue and recover upon his former possession. In that case it was said that when the bar becomes complete, the former owner is prohibited from asserting his title against the occupant, and those claiming under him, and relying upon the bar, whether he be in or out of possession of the premises. As against such occupant and those claiming under him, he can neither use his title for the purpose of recovery or defense, until he shall have destroyed the bar, by purchase, limitation, or by some other mode equally effectual.

The case at bar is in all respects similar in principle with that. In this, as in that, the bar became complete under color of title. Here, as there, the occupant was fully empowered to plead and rely upon the bar as a complete defense. And here, as there, the lands had become vacant, and the holder of the adverse title, without purchase from appellant, or by limitation, or in any other manner, had not removed the bar, but had simply entered upon appellant's right of possession conferred by the statute. He, then, was liable to be ejected by appellant, who held the right of possession, unless there be a distinction between the first and second sections of the statute, as contended by appellee.

In *Hinchman* v. *Whetstone, supra,* it was said, in regard to this question, that the language of both sections adopted by the general assembly, to declare the effect that shall be produced by the bar, was held to be the same in the case of *Newland* v. *Marsh,* 19 Ill. 376. And it was also said, it would seem that no distinction can be justly taken when the bar is relied upon to prevent a recovery by the former owner, whether under one or the other of these sections. Although a difference of construction may obtain in the manner of acquiring the bar of the statute, it is perfectly obvious that it was the legislative intention, when the bar is acquired under either section, that the result should be the same. To hold otherwise would do violence to the language of the law. We are, therefore, clearly of the opinion that no distinction can be reasonably taken in this respect between the two sections. This is the construction given to the second section in the case of *Pauline* v. *Hale,* 40 Ill. 274. We do not intend to be understood, by anything here said, to limit what we have held in former cases, where it has been said that the holder of color of title and payment of taxes under the second section of this act, cannot recover before he has acquired possession of the premises.

It is, however, urged that when Swickard abandoned his contract, and the possession of the place, with the intention never to return, the bar was thereby abandoned, and became

nugatory. The relation of vendor and purchaser is such that when the latter enters into possession under the contract to purchase, the possession is that of the vendor; by the purchase he recognized the vendor's title, and like a tenant, in all proceedings for the recovery of possession by the vendor, he is estopped from disputing his title. He enters and holds under the title of the vendor, and his occupancy is subservient and subordinate to that title. And from this relation, and for the same reason, his possession becomes as fully that of the vendor, as does that of a tenant become that of the landlord. This, then, being virtually the possession of appellant, upon what principle of reason or justice could Swickard dispose of the benefits appellant had acquired by the possession? He could abandon his own, but not the rights of his vendor. Appellant had no notice, nor did he consent to this abandonment, and hence the question urged by counsel is not presented. Had appellant declared he would never resume possession, then it would have been before us for decision; but as this record does not present it, we have no inclination to discuss the results, if any, that it would have produced.

It is, however, urged that the conveyance of Stewart to Bogardus, in 1838, prevented him from claiming color of title, or from paying taxes so as to become availing under the statute. This deed was recorded in October, 1864. In this case, appellant, when he purchased, found a deed on record purporting to convey the title to Stewart, and that he had paid the taxes for more than double the required period, and could find no deed or record conveying title from Stewart. It would be a fraud upon appellant, who purchased in good faith, with no accessible means of learning that Stewart had previously sold, to permit the unrecorded deed to Bogardus to defeat his right to rely upon the bar of the statute. He, then, was an innocent purchaser, and is, in justice, entitled to protect himself under the provisions of the statute. He acted in good faith, although Stewart may not have paid taxes in good faith, knowing that he had sold to Bogardus. There can be no pretense that

7—52ND ILL.

appellant should be charged with notice by the record of the deed in October, 1864, more than a quarter of a century after it was executed, and eight years after appellant had purchased.

Nor is the case of *Fell* v. *Cessford*, 26 Ill. 522, opposed to the views here expressed. In that case, to make out seven years payment of taxes, it was necessary to count one year in which the taxes had been paid by a person not having the color of title. In this case, however, Stewart paid all taxes for fifteen years under his color of title. Had Bogardus paid a portion of the time, and Stewart another portion, then this case would have been like that, in principle. There, neither of the tax-payers had paid for seven years, whilst, in this case, only one party has paid, and he, successively, for more than the statutory period.

The disposition of the questions here discussed is all that is material, as presented by this record. The instructions of the court below are not in accordance with the views here expressed, and were calculated to mislead the jury, and the judgment of the court below is reversed and the cause remanded.

*Judgment reversed.*