Robinson et al. v. Appleton et al.

## Thomas J. Robinson et al.

### v.

## William H. Appleton et al., Administrators, etc.

*Foreclosures by Executors of Vendor's Lien—Right of Action Survives—Quit Claim Deed—Executory Contract—Possession of Purchaser—After-acquired Title—Estoppel—Statute of Limitations.*

1. A quit-claim deed conveys in fee whatever estate the grantor has, and it implies that he has an estate to convey.

2. The lien of a vendor does not expire with his death, and it may be foreclosed as a mortgage by his executors.

3. The purchaser of land in possession under an executory contract of purchase holds under the title of the vendor, and in all proceedings for the recovery of possession by the endor, he is estopped from disputing his title.

4. Upon a bill filed by the executors of the vendor to foreclose as a mortgage the vendor's lien on certain premises, which is witnessed by a bond for the conveyance thereof and certain notes for the purchase money therefor, it is *held:* That the cause of action survived; that the right to maintain it was not lost by lapse of time, the debt not having been barred by the Statute of Limitations; that the purchaser, and those holding under him, can not set up an after-acquired title against the vendor's lien; that before setting up such title they must surrender possession, especially as the strength of the vendor's title rested on the Statute of Limitations; and that the decree of the court below is not to be understood as foreclosing any rights which the defendants have under said after-acquired title.

[Opinion filed February 1, 1887.]

Appeal from the Circuit Court of Rock Island County; the Hon. Arthur A. Smith, Judge, presiding.

Messrs. Ira O. Wilkinson and Sweeney & Walker, for appellants.

The English chancery doctrine of the vendor's equitable lien for unpaid purchase money is adopted in several of the States of this country, while in others of them it has been condemned and rejected as being an encroachment on the legislative power and not in accord with the spirit of the recording laws. See Am. notes to Mackreth v. Symmons; 1 White & Tudor's Lead. Cas. in Eq. (4th Ed.), 481.

In this State it is recognized, but not encouraged by the courts, and will be enforced only in cases that are clear. Conover v. Warren, 1 Gilm. 498, 502; Trustees v. Wright, 11 Ill. 603–9; S. C., 12 Ill. 432, 440; Richards v. Leaming, 27 Ill. 432.

Complainants do not sue as vendors, nor as representatives of, and for the benefit of the estate of the vendor, deceased. but in their own right as devisees of the real estate and notes, to the use and benefit of the *cestuis que trust* named in the will.

Under these circumstances the lien can not be enforced, The lien where it exists, is strictly personal in the vendor and can not be assigned or transferred in any way, even by express contract. It can be enforced only by the vendor, and is not ennforceable in his name for the benefit of another, who is the purchaser of the note. Small v. Stagg, 95 Ill. 39; Elder v. Jones, 85 Ill. 384; Bonnell v. Holt, 89 Ill. 71; McLaurie v. Thomas, 39 Ill. 291; Richards v. Leaming, 27 Ill. 431; Keith v. Horner, 32 Ill. 524; Dayhuff v. Dayhuff, 81 Ill. 499; Wing v. Goodman, 75 Ill 159.

Where the lien has not been transferred, it can be enforced after the death of the vendor by his personal representative, for the benefit of the estate. Richards v. Leaming, 27 Ill. 431; Keith v. Horner, 32 Ill. 524; Dayhuff v. Dayhuff, 81 Ill. 499.

Upon the taking effect of the devise, the legal title to the real estate and notes became vested in the complainants and the equitable title in the *cestui que trust*, and the lien, if any not passing therewith, lapsed.

The vendor did not sell or contract to sell or convey land or any specified estate in land, but only his right, title and interest at the time of the bond, and a deed made in accordance with the bond would not, by its terms, convey, or purport to convey, land or any estate in land. Frink v. Darst, 14 Ill. 304–307; Bride v. Watt, 23 Ill. 507; Kruse v. Wilson, 79 Ill. 233, 240.

As the lien arises on a sale of land only, and attaches to and is enforced only upon the estate sold, the bill should show and the contract prove the particular estate sold so as to enable

the court thereby to ascertain and determine whether a lien attached, and if so, to what estate it attached and upon what estate it should be enforced.

No lien was reserved or implied under the circumstances shown. Richards v. Leaming, 27 Ill. 431; Kirkman v. Boston, 67 Ill. 599, 603; Moshier v. Meek, 80 Ill. 79, 81.

By the non-payment of the notes for the last two installments of purchase money, due November 1, 1874 and 1875, respectively, and of interest thereon after May 1, 1876, the obligation of Cooley to convey ceased and determined, and by its terms, became void and of no effect. Being void and of no effect, no lien can be predicated thereon, or performance thereof be enforced; and certainly not on the application of the vendor, by whom and for whose benefit the condition was made. The court will hold him to the terms of his contract. Cunningham v. I. C. R. R. Co., 77 Ill. 178; Phelps v. I. C. R. R. Co., 63 Ill. 468; Stow v. Russell, 36 Ill. 18; Steele v. Biggs, 22 Ill. 643.

An implied lien on land for the payment of the purchase money, must, as against third persons, be enforced by the vendor within a reasonable time after his right to do so attaches, or it will be taken as waived. Conover v. Warren, 1 Gilm. 498, 502; Trustees of Schools v. Wright, 11 Ill. 603, 609; S. C., 12 Ill. 432, 440.

There is nothing in the contract or the relation of the parties which estops or forbids the defendants from acquiring outstanding titles. The purchaser of land, while in possession under his contract of purchase, is under no obligation to maintain his vendor's title, and the law does not forbid him from buying an outstanding title to the premises and asserting it against the vendor. Frink v. Darst, 14 Ill. 304; Phelps v. Kellogg, 15 Ill. 131; DeWolf v. Hayden, 24 Ill. 525; Roberts v. Fleming, 53 Ill. 196; Hitchcock v. Fortier, 65 Ill. 239; Holbrook v. Debo, 99 Ill. 372, 380 ; Green v. Dietrich, 114 Ill. 636.

Titles so acquired by the purchaser do not, in the absence of covenants, enure to his vendor. R. S., Chap. 30, " Conveyances," Sec. 7.

Mr. HENRY CURTIS, for appellees.

In the case of executory contracts for the sale of real estate the vendor is regarded as the trustee of the title for the vendee, and has a lien on the premises sold for his payment, and the vendee is considered the trustee of the purchase money for the vendor. Lombard v. Chicago S. Cong., 64 Ill. 477, 481; Baldwin v. Poole, 74 Ill. 97; Wright v. Troutman, 81 Ill. 374; Sutherland v. Harrison, 86 Ill. 363, 367; Hutchinson v. Crane, 100 Ill. 269, 274; Home Mfg. Co. v. Gough, 2 Ill. App. 477; Vail v. Drexel, 99 Ill. App. 439, 448; Clarke v. Baker, 14 Cal. 612.

In such executory contracts, where the vendee has entered into possession thereunder, he is in equity considered the owner, subject to the lien of the vendor for the unpaid purchase money, and while the vendee and his grantees retain such possession they are estopped from denying the vendor's title, as against any action or proceeding of the vendor to enforce payment of such purchase money. The relation in this respect between them is that of landlord and tenant, and strongly analogous, and usually treated as that of mortgagee and mortgagor.

After conveyance the parties stand upon their covenants, but before conveyance they stand upon their equities. 3 Pomeroy's Eq. Jur., 269 ; Bigelow on Estoppel (3d Ed. 1882), 428, 429; Tyler on Adverse Possession, Sec. 3, Chap. 31, 557–559.

Contract for sale of land. " It is a well established rule that where a purchaser has been put in possession he can not afterward acquire a title and set it up in opposition to the vendor."

The following authorities support the same doctrine : Hill v. Hill, 4 Barb. 429 ; Clark v. Baker, 14 Cal. 612 ; Wilkinson v. Green, 34 Mich. 321; Kealy v. Crane, 34 Pa. St. 146 ; Lewis v. Hawkins, 23 Wall. 125 ; Galloway v. Findley, 12 Pet. 294 ; Bush v. Marshall, 7 How. 291 ; Threadgill v. Pintard, 12 How. 36.

The Illinois cases are also in full accord with this doctrine. Tilghman v. Little, 13 Ill. 239 ; Hale v. Gladfelder, 52 Ill. 91, 97 ; Lesher v. Sherwin, 86 Ill. 420 ; Laforge v. Matthews, 68

Ill. 328; Martin v. Judd, 81 Ill. 488, 495; Vining v. Leeman, 45 Ill. 246. See also, Strong v. Weddell, 56 Ala. 471; McCaslin v. State, 44 Ind. 151; Pershing v. Canfield, 70 Mo. 140; Sales v. Smith, 12 Wend. 57; Jackson v. Walker, 7 Cow. 637.

The lien held by Cooley, in his lifetime, upon the premises, for the payment of the purchase money, passes with the debt to appellees, his executors. Hutchinson v. Crane, 100 Ill. 269; Home Mfg. Co. v. Gough, 2 Ill. App. 477; Blaisdell v. Smith, 3 Ill. App. 150; Carpenter v. Mitchell, 54 Ill. 126; Markoe v. Andras, 67 Ill. 34; Wright v. Troutman, 81 Ill. 374; Vail v. Drexel, 9 Ill. App. 439, 448; Stevens v. Chad, 10 Kan. 406; Richards v. Leaming, 27 Ill. 431.

All the appellants had notice by the record of the bond, December 28, 1886, before any of them purchased, and it informs them that the purchase money was unpaid, and puts them on inquiry. Snapp v. Pierce, 24 Ill. 156; Bishop v. Newton, 20 Ill. 175, 180; Frye v. Partridge, 82 Ill. 267, 272; Ætna L. Ins. Co. v. Ford, 89 Ill. 252; McLaurie v. Thomas, 39 Ill. 291; Amory v. Reilly, 9 Ind. 490.

Cooley's lien and security passed at his death, with the notes, to his executors, appellees. "Vendor's lien is held to pass by devise." Richards v. Leaming, 27 Ill. 431; Keith v. Horner 32 Ill. 524; Dayhuff v. Dayhuff, 81 Ill. 499.

Lacey, J. This was a bill brought in the ordinary form to foreclose as a mortgage the vendor's lien reserved by operation of law to James E. Cooley, now deceased, in a certain bond executed by him in his lifetime to David B. Sears, for certain real estate situated in the county of Rock Island. On the 1st day of November, 1866, James E. Cooley executed to said Sears a certain bond for a deed, in which he bound himself to execute unto said Sears a quit-claim deed to all the land described in the bond, in which was to be conveyed "all his right, title and interest in and to said real estate," being on Vandruff's Island, in said county.

The consideration to be paid him was $30,000, as follows: $5,000 to be paid down; $5,000 in four years; $5,000 in six

years; $5,000 in seven years; $5,000 in eight years, and $5,000 in nine years, respectively, from the date of the bond, all drawing 7 per cent. interest, for which deferred payments said Sears was to and did give to Cooley his promissory notes as agreed. All the notes were duly paid, as well as the cash payment, except the two notes last falling due and interest thereon. Cooley having died, and the appellees having been appointed his executors, commenced this foreclosure proceeding in the Circuit Court against said Sears and his numerous assignees of specific portions of the real estate in question, and some probably who did not claim under Sears, for the use of certain legatees under said Cooley's will. The commencement of the suit was to the September term, 1883. One of the respondents demurred to the bill, which was overruled, and it abided its demurrer and the balance answered. The suit came to a hearing and resulted in a decree of the Circuit Court in favor of the appellees, and the court found the amount remaining due to be $17,248.40, fixed a day for payment, and in default thereof ordered the land sold, and if not redeemed, ordered the possession to be delivered to the purchaser or purchasers of said tract or portions thereof which might be sold under the decree. The proof, as we think, showed clearly that as to all the portions of the land in question in this appeal the said Sears, soon after his purchase in the spring and summer of 1867, went into the actual possession under said agreement of purchase.

To reverse this decree this suit is brought.

Some general objections are made against the right of the appellees to bring this suit, and against the right at the time. These are as follows: The appellees were not vendors; no estate in the land was agreed to be conveyed; the agreement in the bond being a mere *release*, no lien could be implied under the circumstances. We have carefully examined the authorities cited to sustain the position, as well as others on the same subject, and think the points are not well taken.

It is true the appellees were not the vendors of the real estate sold, but they were his legally appointed executors, and succeeded to all the personal estate of the original vendor and

Robinson et a'. v. Appleton et al.

held the legal title to the notes.. They were the only ones authorized by law to bring suit to collect them. · The vendor's lien did not expire at the death of the vendor. As to the point raised that a quit-claim deed conveys no estate, we think it equally untenable with the other. A quit-claim deed purports to convey an estate, and does convey in fee whatever estate the grantor has, and, furthermore, it implies that he has an estate to convey.

Though subsequently executed, it will take precedence in absence of notice of an unrecorded warranty deed from the same grantor. It is not a mere release. It is a conveyance, and mainly differs from a warranty deed in its covenants. We are unable to see why a vendor's rights as to his lien should not be protected the same as though he had agreed to warrant the title.

It is claimed by appellants' counsel that the appellees have been remiss in not bringing the suit sooner and that the right to bring this action has been lost by lapse of time. This point is equally untenable. The vendor's lien here reserved is in the nature of a mortgage, witnessed by the bond for conveyance given by Cooley to Sears, and the notes executed at the same time by Sears to Cooley. Hutchinson v. Crane, 100 Ill. 269.

This action could be maintained like a bill to foreclose a mortgage, any time before the debt became barred by the Statute of Limitations. The court did not err in overruling the demurrer filed by the Rock River Navigation and Water Power Company.

There was sufficient matter in the bill to entitle the appellee to relief, though all the relief asked for may not on hearing be allowable. The demurrer was properly overruled.

The main points in controversy grow out of the contest in regard to the right of appellee to have a decree for the delivery of possession to the purchaser or the purchasers at the sale under the decree of the undivided half of the north fractions of sections numbered 23 and 24 on Vandruff's Island, together with the equal and undivided one-half of the dam constructed and erected from said fractions, and the water

power and privileges thereto appertaining, and all the buildings, mills, machinery and structures that may be thereto attached or erected. These tracts were included in the bond, and it appears that the title of Cooley to this portion of the real estate conveyed was deraigned through a government entry of the land by one Ross, and by assignment by Ross to Vandruff in February, 1843, and by the latter to Cooley the same year by mortgage, which was foreclosed by Cooley, and deed procured by him under foreclosure proceedings. But Ross' entry was canceled in 1856, and in July of the same year Bracket & Waite entered the said fractions and received a patent therefor.

In the fall of 1867 the said Bracket & Waite commenced an action of ejectment against Sears, the grantee of Cooley, thereby acknowledging his possession, which the evidence shows he had taken under his purchase from Cooley of these fractions, as well as all or nearly all the balance of the real estate purchased.

Then Sears settled the matter with the said Bracket & Waite and took their deed for the said fractions. The appellants, who claim under Sears, set up and claim that Sears had a legal right to buy said title in the manner he did, and set it up against Cooley and his representatives, and to claim under such title as against Cooley, and to refuse to surrender possession in case of foreclosure and sale under the vendor's lien of appellant, in case this land shall be sold and deed acquired under sale.

The court below, by its decree, ordered that the parties respectively who have possession of portions of said fractions, who went in under and through Sears' title, who went into possession under Cooley, be enjoined and restrained from setting up or asserting as against appellees and those claiming under them, and their said lien for the unpaid purchase money, any interest, right, title interest or right of possession, etc., derived by them or either of them under or through said deed of conveyance from Bracket & Waite to said Sears, dated September 9, 1867, and that the injunction by this decree, granted as aforesaid, continue and be in force until

said remaining purchase money and interest so found due complainants be paid, and said premises redeemed from sale hereunder, or until appellees or those claiming under them or their said lien be let into possession of the said premises.

It is contended by appellants that the purchaser of land, while in possession under his contract of purchase, is under no obligation to maintain his vendor's title, and the law does not forbid him from buying an outstanding title to the premises and asserting it against his vendor, and quotes the case of Green v. Dietrich, 114 Ill. 636, in support of the claim. While this is the law under certain circumstances, we do not think it applicable to a case in its facts like the one at bar. If this should be so the appellees, in case of sale and acquisition of deed under it, would not get back the title and interest sold by Cooley to Sears. Cooley's possession was a very important part of his title to these fractions, because his title could only be made good by possession and the running of the Statute of Limitations; and although that issue was not tried in this suit, it may be Cooley had a complete bar under the statute at the time he sold and delivered possession to Sears, or it may be it was about to ripen into a bar.

Continued possession would be essential to the maintenance of such title by bar. If Sears and his grantors can not be compelled to surrender such possession he may lose what was a good title at the time he sold to Sears. The vendor's lien would not in that event cover and protect the title he parted with in case of non-payment. Cooley put Sears in possession when he sold, and he should have the possession returned to him if he is compelled to take the land back for his pay. In Hale v. Gladfelder, 52 Ill. 91, the Supreme Court lays down this rule: "The relation of vendor and purchaser is such that when the latter enters into possession under the contract to purchase, the possession is that of the vendor. By the purchase he recognizes the vendor's title, and like a tenant, in all proceedings for the recovery of possession by the vendor, he is estopped from disputing his title. He enters and holds under the title of the vendor, and his occupancy is subservient and subordinate to that title, and from this relation and for

the same reason his possession becomes as fully that of the vendor as does that of a tenant become that of the landlord."

This doctrine is fully approved and reiterated in Martin v. Judd, 81 Ill. 488. What the rule is in case of landlord and tenant is familiar to all. By the language used by the court in the case of Green v. Dietrich, *supra*, it was not intended to overrule the doctrine so deliberately announced in the above two cases.

The language used by courts in deciding a cause must always be construed with reference to the facts of the case.

In that case the decision was perfectly proper on the facts, and the rule would be general as there announced in all cases similar in principle to it. It will be seen that the vendor in Green v. Dietrich, *supra*, if he may be regarded as vendor at all, had no title and did not assume to have any, and only sold the land in case he could acquire a title in three years, and then in case the vendor acquired no title, the vendee could pay him a reasonable rent, as long as he could hold peaceable possession, till the expiration of three years. The court holds that the relation of landlord and tenant did not exist after the expiration of three years, and certainly, as the vendor failed to get any title, the relation of vendor and vendee did not, and no consideration of morals forbids his acquiring title. There was no relation of trust and confidence between the parties. We have carefully examined the two cases cited by the court in the case of Green v. Dietrich, *supra*—Bright's Lessee, 7 Wheat. 535, and Jackson v. Johnson, 5 Cow. 74—and find that they do not contravene the doctrine of the subordination of the vendee to that of the vendor where there is an executory contract of purchase and the vendee enters into possession under his vendor.

In the case of Jackson v. Johnson above, the doctrine is clearly recognized that where one goes into possession under contract of purchase, while the purchase money remains unpaid, he can not assert and hold adversely to his vendor. In the case of Bright's Lessee, 7 Wheat. 549, the court, by Chief Justice Marshall, says: "The propriety of applying the doctrine between lessor and lessee to a vendor and vendee

may well be doubted." The court then concludes, "that where the vendor has executed a deed of conveyance to the vendee the latter acquires the property for himself and his faith is not pledged to maintain the title of the vendor. The rights of the vendor are intended to be extinguished by the sale, and he has no continuing interest in the maintenance of his title unless he shall be called upon in consequence of some covenant or warranty in his deed. The property having become by the sale the property of the vendee, he has a right to fortify that title by the purchase of any other which may protect him in the quiet enjoyment of his premises. No principle of morality restrains him from doing this, nor is either the letter or spirit of his contract violated by it. The only controversy which ought to arise between him and the vendor respects the payment of the purchase money. How far he may be bound to this by law, or by the obligations of good faith, is a question depending on all the circumstances of the case, and in deciding it, all those circumstances are examinable."

We think the above announces a salutary rule and but sustains the doctrine announced in the case of Martin v. Judd and Hale v. Goodfellow, *supra*, and also Green v. Dietrich, *supra*. In the case at bar the rule that requires the vendee to hold his title subordinate to that of the vendor is peculiarly applicable. The purchase money is unpaid and the possession was taken subject to the payment of the notes. The strength of Cooley's title rested on the Statute of Limitations and it was therefore most essential to him that in case he had to take the property back, on account of the failure of the appellants to pay him as agreed, he would be in no worse position than when he trusted Sears on the faith of his contracts with the possession of the land. It was not improper for the appellants or Sears to buy in the outstanding title which they did, but they should not be allowed to make use of the position of vantage which they procured under the contract with Cooley to defeat his claim for the purchase money.

And in order not to do this they must surrender possession to the one who becomes the purchaser and procured deed under these

proceedings to foreclose. The Bracket & Waite title is not by the decree taken from appellants; they are left at liberty to assert it after possession is once surrendered. It is only a temporary right to assert it that the decree enjoins. There is no good reason why a court of equity should not order the delivery of possession to the person who acquires a deed under these proceedings. It is nothing more than an act of complete justice.

This Bracket & Waite title so far as the evidence shows was never made known to Cooley in his life by Sears or his grantees and never till their defense was set up was it made known to appellees. We find no valid objections to the findings of the decree or its provisions and think that they are supported by the evidence and that the tender of the deed before the suit was commenced is sufficient. We do not understand that the court below adjudicated the question as to the validity of the Bracket & Waite title or passed upon it in any way. The decree in effect when the pleadings are considered simply orders the sale of whatever title appellants have in equity to the real estate in question derived through Cooley. But in order to make the matter certain and put it beyond question the decree is ordered to be modified as follows:

This court finds that said David B. Sears, on the 9th day of September, A. D. 1867, acquired a deed in and to said fractional sections 23 and 24 while in said possession under said Cooley from said Bracket & Waite, and the said decree of the court is so amended and modified that said decree is not to be so read or understood as to foreclose any right that any of the respondents may have under said deed, or their liberty to assert it in any legal manner after the surrender of possession in accordance with the provisions of the decree entered by the court below.

With this modification the decree of the court below is affirmed and the costs of this court adjudged against appellants.

*Decree modified and affirmed.*