Mohr & Smith v. The C. & N. W. R. Co.

---

## MOHR & SMITH v. THE C. & N. W. R. Co.

1. **Common Carrier : WAREHOUSEMAN.** The liability of a railway company as a common carrier of freight terminates, and its responsibility as a warehouseman commences, upon the arrival of the goods at the point of destination, and deposit there in the warehouse of the company to await the convenience of the assignee.

2. ————: NEGLIGENCE: NOTICE. In the absence of proof that the failure to give notice of the arrival of goods caused their loss, the carrier is not liable as a warehouseman for their loss.

*Appeal from Clinton Circuit Court.*

TUESDAY, JUNE 15.

THIS is an action to recover the value of 842 bushels of barley, and the sacks containing it, transported from Wheat-

land, Clinton county, to Chicago upon defendant's cars, and not delivered to the consignee. The answer alleges that the barley was in due time transported, reaching the depot of defendant on the 7th day of October, and on the same day, with proper dispatch, taken from the cars and deposited in defendant's warehouse, where, on the morning of the 9th, it, with the warehouse, was consumed in the great fire occurring at that time in Chicago, which was without fault or negligence of defendant. The cause was submitted to the court without a jury, and judgment rendered for defendant. Plaintiff appeals.

*Foster & Bice*, for appellants.

*E. S. Bailey*, for appellee.

· BECK, J.—The cause was tried upon an agreed statement of facts, the material points of which are as follows: The receipt and transportation of . the property are admitted. It was received at Chicago, before noon of the 7th of October, 1871, on the same day unloaded from the cars and deposited in defendant's warehouse, which with its contents was burned on the morning of the 9th, in the great fire which began on the previous evening; the barley was so lost without fault or negligence of defendant. The consignee of the property made inquiry at the proper office of defendant concerning it in the morning of the day of its arrival, and was informed that it had not been received. No notice was given the consignee of the arrival of the barley. It was the custom of defendant to give personal notice to consignees of the arrival of goods twice each day—in the morning and evening.

· I.   It is settled by a decision of this court, that "the liability of a railroad company as a common carrier of freight

1. COMMON carrier: warehousemen.   terminates, and its responsibility as a warehouse-man commences, upon the arrival of the goods at the point of destination, and deposit there in the warehouse of the company, to. await the convenience of the consignee." And the rule is applicable to the case when no notice of the

arrival of the freight is given the consignee. *Francis v. Dubuque & Sioux City R'y Co.*, 25 Iowa, 60. The same rule prevails in Illinois. *Porter v. Chicago & Rock Island R'y Co.*, 20 Ill., 407; *Chicago & Alton R'y Co. v. Scott*, 42 Ill., 133; *Richards et al. v. Mich. S. & N. Ind. R'y Co.*, 20 Ill., 404.

The rule is understood to be recognized in several other states.

It is vigorously assailed by plaintiff's counsel, and we are asked to re-consider our ruling and adopt a different doctrine. We are quite well satisfied with our former decision, and remark nothing in the argument of counsel creating a doubt of its correctness.

Under this doctrine the defendant must be regarded as having discharged the duty of a carrier, and therefore was relieved of the responsibilities, and liabilities pertaining thereto, upon discharging the barley in due time from its cars, and receiving it in the warehouse. Defendant is not liable under the rules governing the liabilities of warehousemen.

II. It is insisted that defendant is liable because of the failure to give notice to the consignee under its custom, as shown by the agreed statement of facts. We have seen that the omission to give notice does not continue the carrier's liability as such. The custom shown is not to the effect that defendant held itself liable as a carrier in the absence of notice. It cannot, therefore, be held liable as a common carrier on account of the failure to give the notice required by the custom. It is not averred in the petition, nor is it shown in the answer that the loss of the goods resulted to plaintiff on account of the failure of defendant to give notice. It may be, but the point we do not determine, that if the loss of the goods were shown to be the result of the failure of defendant to give notice, or that the failure was negligence, or that if notice had been given, plaintiff's consignee would have applied for, and have taken away the barley, the defendant would have been liable. But nothing of the kind is either averred in the petition or proved by the evidence. The failure to give

the notice required by the custom of defendant is, therefore, no foundation for the claim of plaintiff.

No other questions are presented by the case for our decision. The judgment of the Circuit Court must be

AFFIRMED.