# John Scriven v. William H. Moote.

*Foreclosures: Chancery sales: Growing crops: Purchaser.*  The purchaser at a foreclosure sale in chancery becomes the owner of the crops then growing upon the premises.

*Chancery foreclosure sales: Growing crops: Previous parol agreements: Purchaser.*  The mortgagor cannot sustain any claim to wheat growing on the lands at the time of a foreclosure sale in chancery, on a disputed showing that the purchaser at such sale before held the legal title to the lands and was under a parol agreement to make certain advances and hold the land as security, where it is not claimed he was under any obligation to remove the incumbrances under which the foreclosure decree and sale was made; granting that the rights of such purchaser were before the sale no more than those of a mortgagee, he was not precluded thereby from purchasing at such sale and acquiring all the rights that any other purchaser would; and that sale cut off all previous equities of the mortgagor.

*Chancery foreclosure sale: Purchaser: Bill to redeem: Bond for injunction: Title: Growing crops.* The giving of a bond by the mortgagor, under the requirement of an order of the court, as a condition to the granting of an injunction against proceedings by such purchaser to get possession under his foreclosure title, conditioned to prosecute his bill to redeem to final decree, and if the decree should be adverse, to pay a fair rental value for the premises, and to pay all taxes and all legal costs, and not to commit waste, could not operate, in the absence of any showing of an acceptance of the bond by the obligee or of any action taken or claim made under it, to deprive him of any of his substantial rights as purchaser in the premises or the crops growing thereon.

*Heard January 19.    Decided January 23.*

Error to Clinton Circuit.

This is replevin brought by Scriven for some wheat which was growing on premises before owned and then occupied by Moote, when Scriven purchased the premises on a chancery foreclosure sale, through which the latter claims to have derived title to the crop. Scriven held· title to the lands before the foreclosure sale, through an· execution sale, and Moote claimed to have had an oral arrangement with him prior to such sale whereby he was to reconvey his title to Moote on repayment of his advances and interest; and after the foreclosure sale he filed a bill to redeem. This bill came before this court on appeal, and is reported in *33 Mich.*, at page *500*, where it was held there was no sufficient evidence of any bargain at all, even a parol one, for a reconveyance; that whatever may have been the state of things before, the chancery sale cut off all previous equities, and that Scriven had a right to buy at such sale and to hold the lands the same as any other person.

Pending the bill to redeem, Moote was required, as a condition to the granting of an injunction in his favor against proceedings by Scriven to obtain possession under his foreclosure title, to give bond to prosecute his bill to redeem to final decree, and if the decree should be adverse, to pay a fair rental value for the premises, and to pay all taxes and all legal costs, and not to commit waste. This is the bond of July 7, 1874, referred to in the opinion of

the court. The verdict and judgment below were for defendant, and plaintiff brought error.

*O. L. Spaulding*, for plaintiff in error.

*H. Walbridge* and *J. O. Selden*, for defendant in error.

MARSTON, J:

At the time this case was argued and submitted, my impressions were that Moote might, under his oral arrangement with Scriven, made previous to the foreclosure sale in April, 1874, have some claim to the wheat in question, sowed under such arrangement and previous to such sale. An examination of the record, and of the decision of this court, in *Moote v. Scriven, 33 Mich., 500*, upon the validity and effect of such oral agreements and of the sale of April, 1874, convinces me that defendant can have no such claim.

In the case referred to, it was held that there was not only no evidence of a bargain conforming to the statute of frauds, whereby Moote was to have any interest, but that there was not convincing proof of any bargain at all, and that whatever may have been the state of things before, the chancery sale cut off all previous equities; that whatever the previous arrangement may have been, Scriven was not obliged to buy in the property at the chancery sale to save what he had previously paid out, and even if he had been a mortgagee, he was not thereby precluded from buying up such title and holding it like any other purchaser, inasmuch as it was a legal sale of the mortgagor's equity, which any one could buy, unless estopped.—*Comp. L.*, § *5154*.

The purchaser at this sale, there being no redemption, became the owner of the crops then growing upon the land, and it is not claimed that he at any time afterwards became divested of the title thus acquired, or did any act which would preclude him from maintaining this · action. It is claimed, however, that the bond of July 7, 1874, has such effect. We do not think so. The only authority

requiring such bond to be executed to Scriven and filed with the register was an order of the circuit court in chancery in the case of *Moote v. Scriven,* already referred to. Scriven never accepted this bond or made any claim under it, and the utmost effect that can be given to it, would be to give Scriven an additional remedy. The order under which it was given did not pretend to and could not well deprive Scriven of any of his substantial rights in the premises. True, the injunction in connection therewith might postpone them, but upon its removal, all Scriven's rights were restored.

As the rulings below were not in accordance with what is here said, the judgment must be reversed, with costs, and a new trial ordered.

The other Justices concurred.