## H. H. SMITH V. REUBEN HAGUE, *et al.*

VENDOR'S LIEN; *Title to Emblements.* On the 27th day of October, 1875, S., being the owner of certain real estate, entered into a written contract with H. to sell him the land at a stipulated price, which H. agreed to pay. H. paid a part of the purchase-money, but failed to pay all. S. brought an action, on March 24, 1877, to enforce his lien for the unpaid purchase-money. H. was then in possession of the land under the contract of purchase. On September 18, 1877, plaintiff obtained a judgment in the action against H. for $490, and an order decreeing the judgment a lien upon the land, and also an order to sell the land to satisfy the same. After the rendition of the judgment, and during the months of September and October, 1877, H. sowed wheat on the land, which afterward matured. On November 5, 1877, an order of sale was issued upon the judgment of September 18, 1877. On December 22, 1877, the sheriff sold the land to S. at public sale, and at the December term of court for 1877 the sale was confirmed and the sheriff directed to execute a deed to the purchaser. On March 1, 1878, the sheriff executed to S. a conveyance of the land, and S. took possession. The wheat crop became fit for harvesting in June, 1878, and on or about June 15, 1878, S. cut down the wheat and placed it in shock on the land, without consent of H. On or about June 20, 1878, H. and one R., without the knowledge or consent of S., took possession of the wheat, threshed it out, and placed it in a bin on the premises of R. *Held*, in an action by S. against H. and R., to recover immediate possession of the wheat, that, upon the foregoing facts, S. ought to recover the wheat, as he was entitled to the crops on the land at the time of the delivery of the deed to him, in preference to H. or R.

### *Error from Sedgwick District Court.*

REPLEVIN, brought by *Smith* against *Hague* and another, to recover the possession of three hundred bushels of wheat. Trial, and judgment for the defendants, at the April Term, 1879, of the district court. The plaintiff brings the case here. The opinion states the facts.

*Sluss & Hatton,* for plaintiff in error.

*Stanley & Wall,* for defendants in error.

The opinion of the court was delivered by

HORTON, C. J.: This was an action of replevin brought by plaintiff in error against the defendants in error, to recover

the possession of three hundred bushels of wheat. The case was tried to the court without a jury, and the court stated in writing the conclusions of fact found separately from the conclusions of law. The conclusions of fact are:

"On the 27th day of October, 1875, the plaintiff, being the owner thereof, entered into a written contract with the defendant, Hague, to sell to him for the sum of eight hundred and fifty dollars the northwest quarter of section fifteen, in township twenty-eight, south, of range four, west, in Sedgwick county, which sum defendant Hague thereby agreed to pay plaintiff on terms therein stipulated. Defendant Hague failed to pay for said land according to said contract, but paid a part thereof. Plaintiff, on the 24th day of March, 1877, brought an action in this court to enforce his lien upon said land under said contract for the amount remaining unpaid, and for the sale of the land to satisfy the same; defendant Hague being in possession of the land under said contract of purchase. On the 18th day of September, 1877, plaintiff obtained a judgment in the action against defendant Hague for four hundred and ninety dollars, and an order declaring the plaintiff's judgment a lien upon said land, and the sale of the land to satisfy the same. After the judgment was rendered, and during the months of September and October, 1877, defendant planted a crop of wheat on the land, which afterward matured, and is the wheat in controversy in this action. On the 5th day of November, 1877, an order of sale was issued in the action by the clerk of said court, directed to the sheriff of Sedgwick county, reciting said judgment and order, and directing the sheriff to proceed to sell the land in the manner prescribed by law, to satisfy the judgment. On the 22d day of December, 1877, the sheriff, having caused the land to be duly appraised and sale to be duly advertised, sold the land at public sale to the plaintiff. At the December term, 1877, of the court, the proceedings of the sheriff in making such sale were examined by the court, and the sale confirmed. The sheriff was directed to execute a deed to the plaintiff for the conveyance of the land. On the first day of March, 1878, the sheriff made, executed, acknowledged and delivered to the plaintiff a deed in due form of law for the conveyance of the land to the plaintiff, and thereupon the plaintiff took possession of the land. During the spring of 1878, the defendant Hague planted a crop of corn on the land, with the knowledge and consent of plaintiff Smith. During all the

time from the execution of the contract till the harvesting of the wheat, the defendant Hague was in possession of said premises, and cultivating the same. Said wheat crop matured and became fit for harvesting during the month of June, 1878. On or about the 15th day of June, 1878, the plaintiff cut down the wheat crop, and placed the same in shock on said land, ready for stacking, without the consent of Hague. On or about the 20th day of June, 1878, the defendants, Reuben Hague and W. W. Rupp, without the knowledge or consent of the plaintiff, took possession of the wheat so standing in shock, and caused the same to be threshed out and placed in a bin on the premises of defendant Rupp, being the same described in plaintiff's petition, and at the commencement of this action had possession of the same. The wheat amounted to three hundred bushels, and was of the value of one hundred and fifty dollars, and is the wheat mentioned in plaintiff's petition."

The conclusion of law is that—

"The plaintiff is not the owner of the wheat, and not entitled to the possession of the same."

Judgment having been rendered for the defendants, the plaintiff brings the case here.

Upon the findings of fact, the judgment, in our opinion, must be reversed, as the growing crops upon the land, not having been reserved in the order of sale, or at the sale, passed by the deed of sale. (*Jones v. Thomas*, 8 Blackf. 428; 2 Jones on Mortgages, § 1658, and cases there cited; *Stevens v. Chadwick*, 10 Kas. 406; *Scriven v. Moote*, 36 Mich. 64; Comp. Laws 1879, ch. 104, § 1, subdiv. 8.) The case of *Cassily v. Rhodes*, 12 Ohio, 88, so far as expressing a contrary doctrine, is not satisfactory to us.

The judgment of the district court will be reversed, and the cause remanded, with direction to enter judgment for plaintiff.

All the Justices concurring.