## T. Chapman v. L. J. Veach.

Growing Crops, *Conveyed with Land.* Where C. in good faith purchases land from S., and afterward S. delivers to C. a deed of conveyance for the land completely executed by V., who was in fact the owner of the land, and C. in good faith accepts the deed, having no notice that the deed had been originally executed to a blank grantee, and having no notice of any agreement between S. and V. which might limit the effect of the deed, and S. is not the agent of either C. or V., but acts for himself, and no question is at any time raised with regard to the validity of the deed as a conveyance of the land, and V. delivers the possession of the land to C. without questioning C.'s title thereto or to anything thereon, but afterward V. claims that he is entitled to the crops growing on the land by virtue of a parol agreement with S., *held*, that the deed will not only convey to C. the land, but it will also convey to him all the crops growing thereon, although it may be that V. when he executed the deed believed that he was executing the same to S., and although in fact he executed the deed to a blank grantee, and that S. afterward filled up the blank by inserting the name of C., and although there may have been a parol agreement between V. and S. that the crops growing on the land should continue to be the property of V.

*Error from Saline District Court.*

ACTION by *Chapman* against *Veach*, to recover the value of certain wheat and rye. Trial at the November Term, 1883, and judgment for the defendant. The plaintiff brings the case here. The opinion states the facts.

*Garver & Bond*, for plaintiff in error.

*H. S. Cunningham*, for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action brought by T. Chapman against L. J. Veach, to recover the value of certain wheat and rye which the plaintiff claimed to own, and which were converted by the defendant to his own use. It appears that in 1882, one S. T. Criss owned the land upon which the grain was afterward grown; that in 1882, he sold and conveyed such land to the defendant, L. J. Veach, and another person by the name of Barnwell. In the fall of 1882, while the land belonged to Veach and Barnwell, Veach sowed wheat and rye thereon. Afterward, and in March, 1883, Veach and Barnwell executed a deed for the land to Chapman or to a blank grantee. Veach at the time believed that he and his co-owner were conveying the land to Criss, or rather reconveying it to him; and Veach and Criss agreed at the time that the growing wheat and rye should be reserved to Veach, and that Veach should continue to own the same. But the deed did not state or show any such reservation; nor was it intended by the parties that the deed should state or show the same. The jury found on the trial that no grantee was named in the deed. Criss, however, had previously agreed to sell the land to Chapman, and was in fact purchasing the same for Chapman; and it was understood between Criss and Chapman that Chapman was to have the growing crops. After the deed was executed, and before it was delivered to Chapman, Chapman's name was inserted therein as grantee, provided it had not already been so inserted, prior to the time of the execution of the deed. Chapman purchased

the land from Criss, yet he accepted the deed for the same, executed by Veach and Barnwell, and he accepted the same in good faith, having no knowledge or notice that it had been executed to a blank grantee, and having no knowledge or notice of any reservation of any of the crops or of any misrepresentations made by Criss to Veach. Immediately after the conveyance, Veach moved off the land and Chapman took the possession thereof, Veach at the time supposing that Chapman had purchased the land from Criss, and not knowing that the deed from himself and Barnwell conveyed the land directly to Chapman; and Chapman believing that the deed had been executed directly to himself, and not to a blank grantee, and that he was the exclusive owner of the land and of all the crops growing thereon. In all the transactions in which Criss took any part he acted for himself alone, and did not act as the agent for either Veach, or Barnwell, or Chapman. Afterward Veach harvested and threshed the grain growing on the land, claiming it under his parol reservation, but Chapman at the same time denied Veach's right to the grain, and claimed it himself. On trial of the case, the court below permitted the defendant, over the objections and exceptions of the plaintiff, to prove said parol reservation, and in substance instructed the jury to find for the defendant if they believed there was any such parol reservation; to which instruction the plaintiff duly excepted. The plaintiff also requested certain instructions and findings of fact, which were refused by the court; to which the plaintiff excepted. The verdict of the jury was for the defendant, and the court rendered judgment in favor of the defendant and against the plaintiff for costs; and the plaintiff, as plaintiff in error, now seeks in this court a reversal of such judgment.

No claim was made in the district court and none is made in this court, that the deed from Veach and Barnwell to Chapman was void as a conveyance of the land to Chapman; but it is admitted by both parties that it is valid, and that it conveyed the real estate described therein to Chapman. But it is claimed by Veach that he is entitled to the grain in question by virtue of his said parol reservation.

We think the judgment of the court below is erroneous. As Chapman received the deed to himself in good faith, believing that the deed had been executed in good faith directly to himself by Veach and Barnwell, without any reservation of any of the crops, and believing that he obtained all the rights that he would have obtained if the deed had been originally so executed, we think Chapman was entitled to the crops. Under the circumstances, we think the deed conveyed and transferred all that such a deed would ordinarily convey and transfer. (*Ayres v. Probasco*, 14 Kas. 175; *Tucker v. Allen*, 16 id. 312; *McNeil v. Jordan*, 28 id. 7; *Ort v. Fowler*, 31 id. 478.) And where a deed is executed for real estate, and no reservation of growing crops is contained in the deed, the growing crops will become the property of the grantee mentioned in the deed. (Tiedman on Real Property, §§ 2, 799, and cases there cited; *Smith v. Hague*, 25 Kas. 246; *Babcock v. Dieter*, 30 id. 172.)

The rights of Chapman certainly cannot be affected by the parol agreement entered into between Veach and Criss, as Chapman had no knowledge or notice of any such agreement until long after he had purchased the land and had entered into the possession thereof. Chapman was an innocent purchaser, without fault or negligence on his part, while Veach was negligent on his part in executing the kind of deed which he did. We think Chapman under his deed was entitled to the growing crops, and that he is now entitled to recover the value of so much of the crops as has been converted by Veach to his own use.

The judgment of the court below will therefore be reversed, and the cause remanded for a new trial.

All the Justices concurring.