Beckman v. Sikes.

JOHN F. BECKMAN, *et al.*, v. W. H. SIKES.

GROWING CROP—*Lien of Mortgage.* After the foreclosure of a mortgage upon a tract of real estate, the mortgagor planted a crop of corn thereon, which was immature and growing when the land was sold pursuant to the decree of foreclosure. One day before the sale of the land, the mortgagor sold the corn to another, who claimed the same as against the purchaser of the land. *Held,* That the lien of the mortgage and decree of foreclosure attached to the growing crop as well as to the land, and that the purchaser of the land under the decree will be entitled to the growing and unsevered crop in preference to the vendee of the mortgagor, unless there was a reservation of the crop, or unless the purchaser had waived his right to claim the same.

*Error from Riley District Court.*

ACTION by *Sikes* against *Beckman* and another, to recover the value of a certain crop of corn and oats. Judgment for plaintiff for $292 and costs, at the December Term, 1884. The defendants bring the case here. The opinion states the facts.

*Green & Hessin*, for plaintiffs in error.

*Charles N. Russell*, for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J.: This action was brought by W. H. Sikes, to recover the value of a crop of corn and oats alleged to have been converted by the plaintiffs in error, John F. and C. H. Beckman, who were defendants below. It appeared upon the trial that one C. M. Baker was the owner of the land upon which the crop was grown. He had mortgaged the land, and the conditions of the mortgage having been broken, it was foreclosed on December 15, 1883. There being a stipulation in the mortgage for a waiver of appraisement, it was decreed that the land should be sold without appraisement at the expiration of six months from the date of the decree. On June 19, 1884, an order of sale was issued under the decree, and after due notice a sale of the premises was made on August 1, 1884, to one H. C. Crump. The sale was subsequently confirmed, and on September 5, 1884, a deed was made by the sheriff to the purchaser. After the decree of foreclosure, but before the sale was made, Baker planted and cultivated a crop of oats and corn upon the premises decreed to be sold. On July 31, 1884, just one day prior to the sale of the premises by the sheriff, Baker sold, or attempted to sell, the crop to Sikes; and it was under this purchase that he claimed the oats and corn, the value of which he seeks to recover in this action. The Beckmans claimed under Crump, from whom they purchased the land on which the crops were grown. At the trial the plaintiffs in error contended that crops grown upon the

land at the time it was sold and conveyed, passed with the land to H. C. Crump, the purchaser at the sheriff's sale. This view was rejected by the trial judge; and instead, he directed the jury that the purchaser at the sheriff's sale was not entitled to the crop grown upon the land where such crop had been sold by the judgment debtor prior to the day of sale, and that if they believed from the evidence that Sikes purchased the oats and corn from C. M. Baker prior to August 1, 1884, their verdict should be for the plaintiff.

For this ruling the judgment obtained by the plaintiff below must be reversed. The oat crop had matured and was harvested prior to the sheriff's sale, but the corn crop was yet immature and unsevered. In *Smith v. Hague*, 25 Kas. 246, a case where a crop was planted upon the land after a judgment had been rendered decreeing a foreclosure of the vendor's lien against the land, and ordering that it be sold to satisfy such lien, and under such order of sale the land was sold before the crop was ripe or harvested, it was ruled that the crops which were then growing upon the land, and not reserved in the order of sale or at the sale, passed by the sale and deed of conveyance of the sheriff. The fact that the mortgagor or judgment debtor sold the growing crop prior to the sheriff's sale of the land, as it is claimed was done here, does not vary the case, because he could not pass a title greater than his own, and therefore Sikes obtained no better right to the growing crop than Baker had or could give. Of course the mortgage, as well as the judgment decreeing a foreclosure, was only a lien upon the land, and did not confer title. The title and right of possession remained in the mortgagor until the sale and conveyance of the land. Until that time he was entitled to the use of the land, and to all the crops grown thereon that had ripened and were severed. The lien of the mortgage and the judgment, however, attached to the growing crops until they were severed, as well as to the land. The mortgagor planted the crop knowing that it was subject to the mortgage and liable to be divested by the foreclosure and sale of the premises. Anyone who purchased such crops from him took

them subject to the same contingency, as the recorded mort-gage and the decree of foreclosure were notice to him of the existence of the lien. If the land is not sold until the crops ripen and are severed, the vendee of the mortgagor would ordinarily get a good title; but if the land was sold and conveyed while the crop was still growing, and there was no reservation or waiver of the right to the crop at such sale, the title to the same would pass with the land. (*Smith v. Hague,* supra; *Chapman v. Veach,* 32 Kas. 167; *Garanflo v. Cooley,* 33 id. 137; Jones on Mortgages, §§ 676, 780, 1658; 1 Washburn on Real Property, 3d ed., 124; *Jones v. Thomas,* 8 Blackf. 428; *Downard v. Groff,* 40 Iowa, 597; *Shepard v. Philbrick,* 2 Denio, 174; *Lane v. King,* 8 Wend. 584; *Gillett v. Balcom,* 6 Barb. 370; *Scriven v. Moote,* 36 Mich. 64; *Howell v. Schenck,* 4 Zab. 89; *Pitts v. Hendrix,* 6 Ga. 452; *Rankin v. Kinsey,* 7 Bradw. 215; *Sherman v. Willett,* 42 N. Y. 146; 1 Schouler's Personal Property, 133.)

It follows that the instruction given was erroneous, and therefore the judgment will be reversed, and the cause remanded for another trial.

All the Justices concurring.