ISAAC SHOCKEY *et al.* V. JOHN JOHNTZ *et al.*

No. 77.

1. GROWING CROPS—*Pass at Mortgage Sale.* Growing crops pass with the soil to a purchaser at a mortgage sale, where there is no reservation or waiver of the right to the crops at such sale.

2. ——— *Mortgagee of Lessee Cannot Hold Them.* The fact that the mortgagor had leased the lands, and the lessee had mort-gaged the crop to a third person, does not change the rule. By the lease from the mortgagor the lessee acquired no greater right in the premises than the mortgagor had. The tenant stands ex-actly in the situation of the mortgagor; hence, he could not give any greater title than his own, and the mortgagee of the lessee obtained no better right to the growing crop than his lessor had or could give. The rights of the purchaser were not and could not be defeated by reason of the lease. The right to the posses-sion of the land and the right to the growing crop passed to the purchaser.

3. ——— *Tenant not a Necessary Party.* Nor does it vary the case because the tenant was not made a party to the foreclosure suit. The purchaser's rights are just the same as they would have been if the tenant had been made a party.

MEMORANDUM.—Error from Dickinson district court; JAMES HUMPHREY, judge. Action for conver-sion of growing crops by John Johntz and others, partners as Malott & Co., against Isaac Shockey and

Daniel E. Snider. Judgment for plaintiffs. Defendants bring the case to this court. Affirmed. The opinion herein was filed February 14, 1896.

The statement of facts, as made by GILKESON, P. J., is as follows :

This action was brought by John Johntz, A. W. Rice, T. H. Malott, D. R. Gordon, and W. B. Giles, partners as Malott & Co., to recover the value of a crop of wheat alleged to have been converted by plaintiffs in error, Isaac Shockey and Daniel E. Snider, who were defendants below. The land upon which the wheat in controversy was raised was, in 1884, owned by Robert E. Knapp, and was mortgaged by him to The Travelers' Insurance Company, for a loan of $2,500, on January 6, 1885. On September 8, 1887, Knapp leased the land to S. S. Kalebaugh, "to have and to hold from the 15th day of September, 1887, to the 1st day of March, A. D. 1889, and with privilege of two years longer, if the farm is not sold by first party [Knapp] previous to the expiration of said date." The mortgage became due, by its terms, by reason of default, and foreclosure suit was begun on it January 3, 1889. Judgment was rendered in the foreclosure suit July 9, 1889. There were other liens upon the place, but we will not notice them. On February 24, 1890, the sheriff of Dickinson county sold the premises to T. H. Malott, and confirmation of sale was had February 26, 1890. Malott (the purchaser) was a member of the plaintiffs' copartnership and took the title in his own name for sake of convenience. The deed issued May 30, 1890. The plaintiffs took possession of the premises in March, 1890, the lessee, Kalebaugh, having left the premises. Prior to his leaving, in the fall of 1889, he sowed the

wheat in controversy. On February 28, 1890, he mortgaged the wheat to Shockey and Snider. Some time in July, 1890, the plaintiffs in error harvested the wheat, over the objection and defiance of the defendants in error. Kalebaugh, the lessee, was not a party to the foreclosure suit, nor is it claimed that there was any reservation in the order of sale issued or sale made by the sheriff in the foreclosure proceedings, or any waiver to the right to the crop at such sale. Malott & Co. sued Shockey and Snider in the district court of Dickinson county. Trial was had by jury and a general verdict was returned for Malott & Co.; no special findings were asked by either party. Judgment was rendered upon the verdict. Motion for new trial was denied, and Shockey and Snider bring the case to this court.

*John H. Mahan,* for plaintiffs in error.
*Stambaugh & Hurd,* for defendants in error.

The opinion of the court was delivered by

GILKESON, P. J.: The plaintiffs in error contend that, by reason of the terms of the lease, Kalebaugh having the right to renew the same on March 1, 1890, for a further period of two years, and having remained upon the land for some time after March 1, 1890, this gave him the right to the crop, and that his mortgagees succeeded to his rights by virtue of the mortgage. We cannot agree with plaintiffs in error. In *Smith v. Hague,* 25 Kan. 246 — a case where a crop of wheat was planted upon the land after a judgment had been rendered decreeing a foreclosure of the vendor's lien against the land and ordering that it be sold to satisfy such lien, and under such order of sale the land was

sold before the crop was ripe or harvested—it was ruled that the crops which were then growing upon the land, and not reserved in the order of sale, or at the sale, passed by the sale and deed of conveyance of the sheriff. In *Beckman v. Sikes*, 35 Kan. 120, Mr. Justice JOHNSTON, in delivering the opinion of the court, says :

"The fact that the mortgagor or judgment debtor sold the growing crop prior to the sheriff's sale of the land . . . does not vary the case, because he could not pass a title greater than his own, and therefore Sikes obtained no better right to the growing crop than Baker had or could give."

Of course the mortgage, as well as the judgment decreeing a foreclosure, was only a lien upon the land, and did not confer title. The title and right of possession remained in the mortgagor until the sale and conveyance of the land. Until that time he was entitled to the use of the land, and to all the crops grown thereon that had ripened and were severed. The lien of the mortgage and judgment, however, attached to the growing crops until they were severed, as well as to the land. The mortgagor planted the crops knowing that they were subject to the mortgage and liable to be divested by the foreclosure and sale of the premises. Any one who purchased such crops from him took them subject to the same contingency, as the recorded mortgage and the decree of foreclosure were notice to him of the existence of the lien. If the land be not sold until the crops ripen and are severed, the vendee of the mortgagor would ordinarily get a good title ; but if the land was sold and conveyed while the crops were still growing, and there was no reservation or waiver of the right to the crops

at such sale, the title to the same would pass with the land.

But the plaintiffs in error contend that this case (*Beckman v. Sikes,* supra) does not apply.   There the sale was made by the mortgagor; here it was made by the tenant of the mortgagor.   We cannot understand how this could change the rule laid down in the case.   If the mortgagor's title was limited and restricted by the mortgage and judgment, his lessee had no greater title than he could give. . The record of the mortgage implied notice to him, and Shockey and Snider could obtain no greater right to the crops than Kalebaugh had, and in the case at bar they not only had the notice of the recorded mortgage and decree of foreclosure, but of the sale (which it is presumed was made, as required by law, upon published notice) that occurred some days before they obtained their mortgage.

It is further contended by plaintiffs in error, that Kalebaugh was not made a party to the foreclosure suit; hence the rule is changed.   We think not.   The right of the purchaser was not and could not be defeated by reason of the lease, or by the fact that the possession was in or that the crops were grown by the lessee.   The right to the possession and the right to the growing crops passed to the purchaser.   If the tenant had been a party to the foreclosure suit, the possession and the crops could have been delivered to him by process under that judgment; but, since he was not made a party thereto, he cannot obtain that remedy except by some other action.   The purchaser's rights, however, are just the same as they would have been if the tenant had been made a party.   It follows, therefore, that Malott, by his purchase and sheriff's deed, became the absolute owner of the premises, in-

cluding the crops growing thereon. (*Downard v. Goff*, 40 Iowa, 579 ; *Goodwin v. Smith*, 49 Kan. 351.)

The judgment in this case will be affirmed.

All the Judges concurring.