## N. C. Skilton v. Doddridge Harrel.
### No. 100.

Mortgage Sale — *passes growing crops though tenant not party to suit.* Growing crops pass with the soil to the purchaser at a mortgage sale, where there is no reservation or waiver of right to the crops at said sale. Nor does it vary the case because the tenant was not made a party to the foreclosure suit. The purchaser's rights are just the same as they would have been if the tenant had been made a party.

Error from Pratt District Court. Hon. W. O. Bashore, Judge. Opinion filed January 6, 1897. *Reversed.*

*E. A. Harriman,* and *B. D. Crawford,* for plaintiff in error.

No appearance for defendant in error.

Cole, J. The defendant in error entered upon a certain piece of land as the tenant of one Bergen, in March, 1889. April 12, 1889, an action was brought to foreclose a mortgage upon said land, and a decree was en-

754 SKILTON v. HARREL.

S. Dept.        Opinion.  Colo, J.            5 Kan. App.

tered in said suit, October 31, 1889, upon which decree a sale was had, May 4, 1891. Defendant in error was not made a party in the foreclosure case. Plaintiff in error purchased the premises at sheriff's sale under the decree of foreclosure, and received a sheriff's deed, May 5, 1891. At the time of said sale there were certain crops growing upon the land, which had been planted by the defendant in error. This action was brought by plaintiff in error to recover said crops or their value.

The defendant in error contends that, as he was not made a party to the foreclosure suit, he is not bound by the decree therein, and, therefore, that the crops growing upon the land did not pass by the foreclosure sale ; and this seems to have been the view adopted by the trial court. Numerous errors are complained of by counsel for plaintiff in error.

We are clearly of the opinion that the trial court adopted an erroneous theory in this case. There was considerable conflicting testimony as to the nature of the tenancy of the defendant in error, Harrel. The jury, in answer to certain special questions, found that the tenancy was created by an oral agreement and that it began in March, 1889. The jury also found that the lease was to continue, " as long as the defendant wants the land." This agreement resting in parol could only create at the greatest a tenancy from year to year, giving to the defendant in error at the close of each year the option of renewing the same. In this case the first year of the tenancy would expire in April, 1890, which was long after the commencement of the foreclosure action under which the plaintiff in error obtained title. Under such circumstances the defendant in error must be considered as having obtained an interest *pendente lite*. It has been frequently held in

SKILTON v. HARREL.                                755

Jan. 6, 1897.          Opinion.   Cole, J.          W. Div.

this state that growing crops pass with the land upon a foreclosure sale. *Beckman v. Sikes,* 35 Kan. 120 ; *Land Co. v. Barwick,* 50 id. 57. But defendant in error claims that a different rule applies in this case for the reason that he was not made a party in the foreclosure action. We are of the opinion that this would not change the rule.

" The right of the purchaser was not and could not be defeated by reason of the lease or by the fact that the possession was in, or that the crops were grown by, the lessee. The right to the possession and the right to the growing crops passed to the purchaser. If the tenant had been a party to the foreclosure suit, the possession and the crops could have been delivered to him by process under that judgment ; but, since he was not made a party thereto, he cannot obtain that remedy except by some other action. The purchaser's rights, however, are just the same as they would have been if the tenant had been made a party." *Shockey v. Johntz,* 2 Kan. App. 483 ; *Downward v. Goff,* 40 Iowa, 579.

This being our view of the case we do not consider it necessary to examine each of the errors complained of in detail. Nor do we think that a retrial of this cause would be of any advantage. The facts seem to be practically conceded, and we consider that the law applicable thereto is well settled.

The judgment will be reversed, and the cause remanded to the District Court with instructions to render a judgment on the special findings for plaintiff in error.