W. W. RARDIN AND J. W. CALLENDER v. T. E.
BALDWIN, *Administrator*.

No. 184.   (60 Pac. 1097.)

1. JUDICIAL SALES—*Growing Crops—Rights of Purchaser.* The
purchaser at a judicial sale of mortgaged premises is entitled to
the growing crop of wheat on the land as against the tenant of
the mortgagor who took a lease of the lands after default in the
mortgage, and also as against the mortgagee of the tenant, whether
either the tenant or his mortgagee were made parties to the pro-
ceedings in foreclosure or not.

2. STATUTE OF FRAUDS—*Oral Lease for Three Years.*   A three
years' oral lease on lands is void under the statute of frauds.

Error from Rooks district court ; CHARLES W. SMITH,
judge.   Opinion filed April 8, 1900.   Affirmed. .

*W. B. Ham*, for plaintiffs in error.

*M. C. Reville*, for defendant in error.

The opinion of the court was delivered by

McELROY, J.:   T. E. Baldwin, administrator,
brought this action against Rardin and Callender for
conversion of crops grown upon mortgaged premises.
A trial was had before the court and a jury.   The
only question submitted to the jury was as to the
value of the property in controversy.   The court di-
rected the jury to find for the plaintiff, but further
directed that they should determine the value of the
one-fourth interest in the crop.   The jury accordingly
returned a verdict finding the issues in favor of the
plaintiff, and found the value of the property in con-
troversy to be $150.   The defendants' motion for a
new trial was overruled, and they, as plaintiffs in
error, present the case to this court for review.

The assignments of error present but one question .

Rardin v. Baldwin.

for the consideration of this court, and that is as to whether the purchaser at a mortgage sale is entitled to recover rent for the use of the lands from the crop growing at the time of his purchase.

The principal facts in this case are : In April, 1890, Lucis A. Harbaugh and wife, who owned the real estate upon which the crops were grown, mortgaged the same to Baldwin, as administrator, to secure the payment of $450, due and payable five years after date, with interest at nine per cent. The mortgage was filed and recorded soon after the execution thereof, as provided by law. The defendant Rardin claims that in April, 1896, by oral lease with Harbaugh, he took possession of the mortgaged premises ; that by the terms of his lease he was permitted to break and reduce the land to a state of cultivation, for which service he was to receive the entire crop of 1896 and the two succeeding seasons. The foreclosure proceedings were commenced by Baldwin on the 15th day of July, 1896, and judgment rendered on the 8th of September, 1896, for the foreclosure and sale of the mortgaged premises. The lands were sold on the 26th day of April, 1897, sale confirmed on May 3, 1897, and the sheriff ordered to execute deed to the purchaser. The sheriff's deed was executed and delivered to Baldwin on the 12th day of May, 1897. About twenty acres of the crop in controversy were planted in September, 1896, and the remainder at a later period, but prior to the sale of the mortgaged premises. Rardin mortgaged the growing crop to his codefendant, Callender. Before any of the crop had been harvested, Baldwin notified defendants that he was the owner of the lands, and that he claimed a one-fourth interest in the crop as for rents of the premises. The crop, when matured, was harvested by Rardin,

by him sold, and something more than $150 of the proceeds was turned over to his codefendant, Callender, in payment of his mortgage.   Prior to the sale of the crop, and prior to the commencement of this action, the plaintiff demanded possession of the property from each of the defendants, both of whom claimed possession and ownership, and they each refused to surrender the same or any part thereof.

It has long been the settled law in this state that a mortgage sale passes the growing crops, whether the tenant is, or is not, a party to the foreclosure proceedings.   The crop in question was planted after default in the payment of the mortgage ; it was growing and unmatured when plaintiff purchased the lands.   The lease set out by defendant was an oral lease, covering a period of three years, and was absolutely void under our statute of frauds.   The plaintiff's mortgage was of record, and defendants were bound to take notice of his rights thereunder.   There was no reservation of the crop at the time of the sale ; hence it passed with the title to the land to the purchaser.   The defendant Callender, under the mortgage from his codefendant, could have no greater rights than Rardin possessed.

In *Shockey v. Johntz*, 2 Kan. App. 483, 43 Pac. 993, this court held :

"Growing crops pass with the soil to the purchaser at a mortgage sale, where there is no reservation or waiver of the right to the crops at such sale.   And further, the fact that a mortgagor had leased the lands and the lessee had mortgaged the crop to a third person does not change the rule. . . . The tenant stands exactly in the situation of the mortgagor ; hence, he cannot give any greater title than his own, and the mortgagee of the lessee obtained no better right to the growing crop than his lessor had or could

Rardin v. Baldwin.

give, and a tenant is not a necessary party to the foreclosure proceedings. The purchaser's rights at a mortgage sale are the same as they would have been if the tenant had been made a party.''

In *Skilton v. Harrel*, 5 Kan. App. 753, 47 Pac. 177, it was held that a mortgage sale passes growing crops, though the tenant is not a party to the foreclosure proceedings.

The supreme court, in the case of *Smith v. Hague*, 25 Kan. 246, said: '' The growing crops upon the land, not having been reserved in the order of sale, or at the sale, passed by the deed of sale.''

In *Beckman v. Sikes*, 35 Kan. 120, 10 Pac. 592, the court said:

'' The mortgagor planted the crop knowing that it was subject to the mortgage and liable to be divested by the foreclosure and sale of the premises. Any one who purchased such crops from him took them subject to the same contingency, as the recorded mortgage and the decree of foreclosure were notice to him of the existence of the lien. If the land is not sold until the crops ripen and are severed, the vendee of the mortgagor would ordinarily get a good title, but if the land was sold and conveyed while the crop was still growing, and there was no reservation or waiver of the right to the crop at such sale, the title to the same would pass with the land.''

In *Goodwin v. Smith*, 49 Kan. 351, 31 Pac. 153, 17 L. R. A. 284, the court said:

''The purchaser at a judicial sale of mortgaged premises is entitled to the growing crop of wheat on the land against the tenant of the mortgagor who took a lease of the land after a suit for foreclosure had been commenced.''

In *Land Co. v. Barwick*, 50 Kan. 57, 31 Pac. 685, the court said:

'' It is true the proceedings under the order of sale

were not perfected until the court had examined them, and sanctioned the sale, but when the confirmation occurs, and the deed is issued, they relate back to the date of the sale and entitle the purchaser to the crops which were then unripe and growing upon the premises."

It is contended that the court erred in assuming that the usual rent in the vicinity of the land in question was one-fourth. How are the plaintiffs in error injured by reason of the plaintiff claiming one-fourth of the crop?

The judgment will be affirmed.