## JOHN CALDWELL V. RUFUS CUSTARD.

REPLEVIN—*Title to land cannot be shown.* This is an action of replevin to recover immediate possession of certain shocks of oats. The defendant had sown and harvested the oats on land of which he had been in possession several years. *Held,* that in such an action the plaintiff could not introduce his title papers to show that he was the owner of the land.

### Error from Bourbon District Court.

REPLEVIN for 155 shocks of oats, commenced by *Caldwell* as plaintiff, before a justice of the peace. The action was taken by appeal to the district court, where it was tried at the December Term, 1870. In order to establish his title to the oats, the plaintiff offered evidence of title to the lands on which the oats were grown, the facts respecting which are fully stated in the opinion. The evidence was rejected by the district court. Certain instructions asked by plaintiff were refused, and judgment was given for defendant, *Custard.* The plaintiff brings the case here on error.

*Voss & French,* for plaintiff in error:

1. The court erred in rejecting the title papers offered by plaintiff to show his ownership of the land. The owner of the soil is the owner of every fixture thereupon, whether appendent or appurtenant.

If the oats in question were sown upon land which was owned in fee simple by the plaintiff, and the defendant was a trespasser while sowing it, there can be no question but what plaintiff owned the crops that were grown upon it.

Possession of land is *prima facie* evidence of ownership. The defendant was permitted to show this *prima*

*facie* case, and although the plaintiff offered to rebut and disprove the inference to be drawn from such possession, by showing title by patent, this is denied him.

It is generally held that growing crops are real estate; and in cases like the one before us, it is the uniform doctrine. *Parker v. Storts*, 15 Ohio St., 351. This case shows that title to personal property in an action of replevin may be shown by showing a paramount title to real estate from which the property was derived; that in such an action evidence showing title to the realty is admissible; that the paramount right to the realty imparts the same quality to the personalty. The attention of the court is called to this case, and the facts upon which it is based.

2. The plaintiff asked the court to instruct the jury as follows: "That if the jury believe from the evidence in this case that the defendant, without the authority or consent and against the will of the plaintiff entered upon the land of the plaintiff and sowed oats thereon, and that the same grew on the soil and freehold of the plaintiff, then while the same were growing and before they were harvested they were a part of the real estate and belonged to the owner of the soil." This instruction was refused, and no similar one given in lieu thereof; and the court erred in such refusal.

*McComas & Danford*, for defendant in error:

1. The evidence showed that the land upon which the oats were grown and harvested was in the possession of the defendant, when the oats were sown, grown and harvested, "and had been so in his possession for several years prior thereto."

The plaintiff never had possession of the land, nor of the oats; and he could only show title to the *oats*, by

showing *title to the land*. This he cannot do; and the patent and deed were rightly rejected. *Powell v. Smith*, 2 Watts, 126; *Halleck v. Mixer*, 16 Cal., 574; *Rich v. Baker*, 3 Denio, 79.

2. It is a fatal error into which the plaintiff has fallen, that the oats were real estate before they were harvested, and that by proving the ownership of the land he was proving title to the oats.

' " Growing grain is always chattel." It goes to the administrator, and not to the heir, and may be seized and sold as personal property under an execution. *Whipple v. Foot*, 2 Johns., 418; *Stewart v. Dougherty*, 9 Johns., 108; *Austin v. Sawyer*, 9 Cowen, 39.

3. The title papers being excluded, the instructions asked for by plaintiff were necessarily refused. Without proof of title to the *land*, the instructions were wholly irrelevant.

The opinion of the court was delivered by

KINGMAN, C. J.: This is an action of replevin instituted to recover the immediate possession of certain shocks of oats. The plaintiff offered in evidence a patent for certain lands, dated January 1st, 1870, and a deed from the patentee to himself; this evidence was rejected; and plaintiff then introduced testimony tending to show that in the spring of 1870 he sent his son and tenant upon the land mentioned in the deed, who began to plow for the purpose of sowing oats, and after they had plowed a short time on said land defendant and his brothers drove them off, and having plowed more of the land sowed it in oats, and had harvested the same, which were the oats seized in this action; and then plaintiff again offered in

Caldwell v. Custard.

evidence the patent and deed to the land, which were rejected by the court. The defendant's testimony tended to show that he had been in possession of the land for several years prior to the spring of 1870, and that plaintiff had never been in possession except as above stated. The record does not purport to show all the evidence, nor does it in anywise appear by what right or pretense of right defendant was in possession of the land.

The errors complained of are, the refusal of the court to admit as evidence, the patent from the United States to Gray, and the deed from Gray to plaintiff, to the land on which the oats were grown; and the refusal of the court to give certain instructions asked by plaintiff. If the patent and deed were properly excluded there were no facts shown to predicate the instructions upon; therefore the propriety of giving the instructions depends upon the correctness of the ruling in excluding the patent and deed. The pleadings show that the plaintiff claimed that he was the owner of and entitled to the immediate possession of the oats, and that defendant denied the right of possession in plaintiff, with an averment of defendant's right of possession. Under an issue so made up, and with the evidence offered otherwise, ought the plaintiff to have been permitted to introduce the patent and deed? Clearly not. The issues were not made to try the title to the land. If such evidence was proper, it would have been equally proper for the defendant to have shown that he held the equitable title to said land, and that plaintiff was his trustee; and thus a question would have been tried, not put in issue in the pleadings, and upon the decision of which no judgment could have been entered commensurate with the extent or magnitude of the questions litigated. Again, testimony showing who was the owner of the land is not evidence as to

who owns the annual crops growing on it. They are personal estate. *Whipple v. Foot,* 2 Johns., 418; *Stewart v. Dougherty,* 9 Johns., 108; *Austin v. Sawyer,* 9 Cowen, 39; *Jones v. Flint,* 10 Adol. & E., 739; *Graves v. Weld,* 5 Barn. & A., 105. So in this State they go to the personal representative as personal property, and not to the heir; Gen. Stat., 439, § 40; and therefore evidence showing who owned the land, would not show who owned the oats. They were not real estate before they were harvested; and ownership of the oats which was in question could not be established by proof as to who owned the land. There can be no doubt that deeds may be introduced in evidence in the action of replevin, not to show title, but to show the extent of the possession, as in the case of *Davis v. Easley,* 13 Ill., 192; or to fix a date when possession changed, as in *Parker v. Storts,* 15 Ohio St., 351. Plaintiff in error claims that this last cited case establishes the doctrine " that the paramount right to the realty imparts the same quality to the personalty; " but a careful examination of the case does not sustain the claim. The defendant and owner of the land was in possession of the land and the crop when the action was brought. The plaintiff sought to sustain his right by attempting to show ownership and possession when the wheat was sowed by himself in the fall. The court held that he failed in his testimony, and that is all. The controversy was not as to the title, but when it vested.

Title may be also shown, as in *Ogden v. Stock,* 34 Ill., 522, to show possession; but that would not be authorized in this case, where it appears that the defendant was in possession of the land long before the date of the patent to the plaintiff's grantor. In no case that we have seen have the title papers been admitted for the purpose of showing title only. Such a question ought not to be

tried in such an issue as was made in this case. Having excluded the patent and deed, the instructions asked were properly excluded, as there was nothing to predicate them upon. The judgment is affirmed.

All the Justices concurring.