MARGARET E. REES *et al.* v. M. P. HIGGINS.

No. 370.* (61 Pac. 500.)

REPLEVIN—*Tax Deed—Title to Real Property*. It is not proper to make a replevin action the means of litigating and determining the title to real property as between the original owner and the tax-title claimant in adverse possession of the premises under a tax deed valid on its face.

Error from Butler district court; C. W. SHINN, judge.. Opinion filed June 19, 1900. Reversed.

*H. W. Schumacher*, and *E. N. Smith*, for plaintiffs in error.

*M. P. Higgins*, for defendant in error..

---

* Petition for order to certify denied by supreme court July 7, 1900. — REP.

Rees v. Higgins.

The opinion of the court was delivered by

MILTON, J. : This is an action in replevin brought by M. P. Higgins to recover the possession of a dwelling-house in the city of El Dorado, Kan., the plaintiff alleging ownership of the house and of the lot from which the house was removed by the defendants Margaret E. Rees and her husband, William Rees. George W. Smith, one of the defendants below, acted only as an employee of the other defendants in the work of removing the house from the lot to the nearest street.  Margaret E. Rees claimed the right to the possession of the house and the ownership of the lot under a tax deed issued on the 6th day of September, 1897, based on a tax certificate assigned to her on the 2d of that month by the clerk of Butler county.  Immediately after procuring the tax deed, William Rees, as the agent for his wife, took actual possession of the property so conveyed, the house being vacant and untenantable, and not having been occupied by Higgins or by any one under him for about eighteen months prior to the date of the deed.  It is one of the controverted questions in this court whether demand for the possession of the house was made by the plaintiff after or before it was actually removed from the lot. While the findings of the court are not entirely clear on this point, we think they show that demand was made after such removal.  The defendants Rees and Rees actually removed the house to another lot and placed it on a permanent foundation, and thereafter occupied it as a family residence. Judgment was rendered in the alternative in favor of the plaintiff below, the court finding the value of the house to be $150.  The court made findings of fact, and the evidence is not presented in the record.  On

53—9 KAN. APP.

the trial the plaintiff's title prior to the issuing of the tax deed was not questioned, but the validity of the tax deed was disputed, and oral evidence was *introduced* for the purpose of proving its invalidity. The tax deed stated a consideration greater by forty-eight cents than the amount recited as having been paid to the county treasurer for the assignment of the tax certificate, and the court found that the difference was made up of the costs of advertising the land in the redemption notice and the fee for assignment of the tax certificate. For this reason the court held the tax deed to be invalid, and its judgment in favor of the plaintiff was based on the finding of the foregoing facts.

We think the court erred in its judgment. It appears from the findings that the tax deed was on its face valid; hence it purported to vest in the grantee an absolute estate in fee simple in the land which it conveyed. (Gen. Stat. 1897, ch. 158, § 197; Gen. Stat. 1899, § 7334.) As such grantee Margaret E. Rees became entitled to the immediate possession of the property, which at the date of the execution of the deed was vacant and unoccupied. She entered into possession of the premises, and at the date of the commencement of this action was in possession thereof, holding the same adversely to the plaintiff, in good faith and under claim and color of title. It was not proper, therefore, to make the replevin action the means of litigating and determining the title to the real property as between the conflicting claimants. (Cobbey, Repl. § 374; *Halleck v. Mixer*, 16 Cal. 579; *Caldwell v. Custard*, 7 Kan. 303, 307; *Rathbone v. Boyd*, 30 id. 485, 2 Pac. 664.

The case of *Green v. Railroad Co.*, 8 Kan. App. 611, 56 Pac. 136, is not in conflict with the conclusion here

reached.  The judgment of the district court will be reversed, and the cause remanded with instructions to enter judgment in favor of the plaintiffs in error for costs.