No. 19,190.

S. O. FRY, *Appellant*, v. H. B. KILBORN, *Appellee.*

SYLLABUS BY THE COURT.

1. CONTRACT—*Sale of Land—Land Leased by Vendee—Sublet by Lessee Without Landlord's Assent—Default of Vendee—Forfeiture — Vendor Entitled to Growing Crops.* The defendant owned a farm and made a contract of sale to McKee with a provision for forfeiture without notice if McKee failed to make the payments in accordance with the contract. McKee took possession and farmed the place for one year, and then made a lease to Britton for one year beginning March 1, 1913, and Britton sowed a crop of wheat in the fall of 1912. The written lease contained a provision that Britton should not sublease the land without the written consent of the landlord. In February, 1913, without the consent of the landlord he sold the growing crop of wheat to the plaintiff and assigned to the latter his interest in the lease and abandoned the premises. McKee being in default in payment of principal and interest, the defendant took possession and appropriated the proceeds of the crop. The plaintiff sued to recover the tenant's share of the wheat. *Held,* that by the provisions of section 4700 of the General Statutes of 1909, as well as by the terms of the lease under which the plaintiff claims, he could acquire no interest by the transfer without the written consent of the landlord, and that the defendant had the right under his contract to take possession of the premises and declare a forfeiture for the nonpayment of the principal and interest.

Appeal from Reno district court; FRANK F. PRIGG, judge. Opinion filed January 9, 1915. Affirmed.

C. M. *Williams*, of Hutchinson, for the appellant.

*E. H. Lees,* of Sterling, *Frank L. Martin,* and *Van M. Martin,* both of Hutchinson, for the appellee.

The opinion of the court was delivered by

PORTER, J.: Plaintiff brought this action to recover the value of a three-fifths interest in ninety-five acres of wheat, claiming that he had purchased from the tenant his interest therein by a bill of sale. The defendant recovered judgment for costs, and the plaintiff appeals.

In February, 1912, the defendant, H. B. Kilborn, entered into a contract with D. W. McKee, by which he agreed to sell to McKee a half section of land in Reno county for $20,000. The first cash payment of $500 was due January 1, 1913, and McKee was to pay six and one-half per cent interest on the 15th day of February, annually. He was given possession of the land, and had all the crops and income from the land for the year 1912, although the contract gave Kilborn a lien on one-half of all crops for the payment of interest. There was a provision for a forfeiture without any declaration, or act, or notice on the part of Kilborn if McKee failed to make the payments in accordance with the contract.

McKee defaulted in the payment of the principal due on the first of January, 1913, and also failed to pay the interest, amounting to $1300, due February 15, 1913. The plaintiff, Fry, claims under a lease executed September 2, 1912, by which McKee leased to Wade Britton the land for one year beginning March 1, 1913, and McKee permitted Britton to sow ninety-five acres of wheat in the fall of 1912. Britton was to pay McKee two-fifths of the crop delivered in Sterling.

On March 14, 1913, McKee paid $620.50 to Kilborn to be applied on the interest, saying he expected to pay the balance soon. Shortly thereafter he sent word to Kilborn that he would be unable to raise the balance and for Kilborn to go ahead and run things there. He had

moved away from the farm, and was then living in Hutchinson. On the 25th day of February, 1913, Wade Britton, the tenant of McKee, sold to Fry, the plaintiff, his interest in the ninety-five acres of wheat for $237.50, and gave to Fry a bill of sale for the same. Britton moved away from the farm, and turned the written lease over to Fry. Fry testified that it was his intention to take up the lease, and that he was going to farm the land in spring crops; that his agreement with Britton was that when Britton moved off the place he would move on, and would harvest the wheat and deliver the landlord's two-fifths of the crop, according to the terms of the written lease.

The plaintiff and the defendant had conversations; one on May 1, another on June 1, and another June 24, in which Kilborn told Fry not to harvest the wheat; that he was going to cut it himself. He afterwards harvested and appropriated all of the wheat. The plaintiff thereupon brought this action to recover the value of his three-fifths interest in the crop, and in his petition set out copies of the lease from McKee to Britton, and of the bill of sale to himself. The defendant answered pleading his contract with McKee, the latter's failure to comply with the contract, and alleging that he had taken possession of the premises upon forfeiture of McKee's rights under the contract of sale. He further alleged that he had taken possession of the premises prior to March 1, 1913, when the lease to Britton was to commence.

The appellant contends that while time is made the essence of the contract between Kilborn and McKee for the sale of the land, the provisions of forfeiture were for the benefit of the seller and may always be waived; and it is insisted that the fact that Kilborn accepted a payment from McKee as late as March 14, 1913, and allowed him further time on the balance due, must be held as a waiver of the forfeiture. While the evidence would indicate very strongly that Kilborn did not elect

to forfeit the contract as early as stated in his answer, March 1, 1913, nevertheless by the terms of his contract he had the right to forfeit it at any time without notice upon failure of McKee to make the payments. We do not think it can be held that his standing by and seeing Britton put out a crop in the fall of 1912 would estop him from claiming a forfeiture for failure to pay the principal and interest at any time thereafter. The defendant relies mainly upon two points: first, a provision in the written lease between McKee and Britton, by which Britton expressly agreed that he would not sublease, release, or assign the premises without the written consent of McKee. There is no showing that McKee consented to the bill of sale from Britton to Fry; and there is evidence tending to show that very shortly after he had made the payment to apply on interest he notified Kilborn that he would not be able to comply with his contract, and that Kilborn might take possession of the land. The second point upon which the defendant relies is section 4700 of the General Statutes of 1909, which provides:

"No tenant for a term not exceeding two years, or at will, or by sufferance, shall assign or transfer his term or interest or any part thereof to another without the written consent of the landlord or person holding under him."

This section has been construed to make such an assignment voidable only (*Mabry v. Harp*, 53 Kan. 398, 36 Pac. 743), but it is not claimed that any subsequent assent of McKee had been obtained, so as to render the transaction valid.

There is a further claim by the defendant that the contract of sale between himself and McKee prohibited by its own terms an assignment or leasing of the premises, unless the same was endorsed upon the contract. The particular language of the contract of sale upon which this contention is based reads as follows:

"And it is further stipulated that no assignment of

the premises shall be valid unless the same shall be endorsed hereon."

It is, to say the least, doubtful whether this provision can be construed to prohibit the purchaser of the land from exercising the rights of an owner and of leasing the premises without the consent of the seller. If, for instance, McKee had complied for a number of years with his part of the contract, and had made the annual payments of principal and interest, it would seem that he would have the same right that any other purchaser of land would have to lease it to another, subject, of course, to the provisions of the contract by which Kilborn was to have a lien on one-half of the crop for the payment of the interest. Without deciding this question, however, we think the plaintiff can not recover for two reasons: First, under his contract with McKee the defendant had the right at any time to take possession of the premises and declare a forfeiture for the nonpayment of principal or interest; second, by the terms of Britton's lease under which the plaintiff claims, as well as by the terms of the statute, the assignment was at least voidable.

For the reasons stated the judgment must be affirmed.