No. 19,549.

B. O. McCLAIN, *Appellant,* v. ROBERT MILLER and WILLIAM COONEY, *Appellees.*

SYLLABUS BY THE COURT.

INDIAN LANDS — *Annual Crops Growing Thereon — Personal Property.* A member of the Prairie Band of Pottawatomie Indians can sell the corn growing on the land allotted to him by the government, and the contract of sale is not a contract touching the land or any interest therein.

Appeal from Jackson district court; OSCAR RAINES, judge. Opinion filed June 12, 1915. Reversed.

*B. C. Mitchner,* of St. Marys, and *M. A. Bender,* of Holton, for the appellant.

*F. T. Woodburn, E. D. Woodburn,* both of Holton, and *A. E. Crane,* of Atchison, for the appellees.

The opinion of the court was delivered by

MARSHALL, J.: This is an appeal from a judgment granting a new trial. Patrick Mish-no, a member of the Prairie Band of Pottawatomie Indians in Jackson county, Kansas, was allotted certain lands by the gov-

ernment, and held the same under a trust patent.
Written permission was given him by the government
to lease his allotment. This he did, for crop rent, for
the year 1912. Afterwards, on May 23, 1912, he sold
his one-half of the crop to the plaintiff, B. O. McClain.
Later, Mish-no sold the corn to defendant Cooney, and
delivered the corn to him after it was severed from the
land. Cooney then sold the corn to defendant Miller.
Miller and Cooney refused to deliver the corn to Mc-
Clain or to pay him for it, whereupon he brought ac-
tion. The jury found in his favor. The court granted
a new trial because it had refused to give the instruc-
tion requested by the defendants, as follows:

"I instruct you that under the law an Indian holding
an allotment of land from the Government cannot make
a valid sale of the crops grown on such allotment until
after they have been severed from the land. I there-
fore instruct you that if at the time it is claimed by the
plaintiff he purchased the corn of Mish-no, such corn
was growing and not severed from the land, the at-
tempted sale was void."

The federal statute governing the right of Mish-no
to sell his growing corn, if there is any statute on the
subject, is as follows:

"That upon the approval of the allotments pro-
vided for in this act by the Secretary of the Interior,
he shall cause patents to issue therefor in the name of
the allottees, which patents shall be of the legal effect,
and declare that the United States does and will hold the
land thus allotted, for the period of twenty-five years, in
trust for the sole use and benefit of the Indian to whom
such allotment shall have been made, or, in case of his
decease, of his heirs according to the laws of the State
or Territory where such land is located, and that at the
expiration of said period the United States will convey
the same by patent to said Indian, or his heirs as
aforesaid, in fee, discharged of said trust and free of
all charge or incumbrance whatsoever: *Provided,* That
the President of the United States may in any case in
his discretion extend the period. And if any convey-
ance shall be made of the lands set apart and allotted

as herein provided, or any contract made touching the same, before the expiration of the time above mentioned, such conveyance or contract shall be absolutely null and void." (24 U. S. Stat. at Large, ch. 119, § 5, p. 389.)

Was the corn, when it was sold to the plaintiff, real or personal property? If it was real property, the judgment must be affirmed, but if it was personal property, it must be reversed.

It is argued first, that growing crops are a part of the realty. Under some conditions, this is true; and under others, it is not true. The defendants contend that, as between vendor and vendee, the sale of land carries with it all growing crops, unless there is a reservation of such crops. Concerning this there is no ground for dispute. (*Smith v. Hague,* 25 Kan. 246; *Babcock v. Dieter,* 30 Kan. 172, 2 Pac. 504; *Chapman v. Veach,* 32 Kan. 167, 170, 4 Pac. 100; *Garanflo v. Cooley,* 33 Kan. 137, 5 Pac. 766; *Beckman v. Sikes,* 35 Kan. 120, 123, 10 Pac. 592; *Goodwin v. Smith,* 49 Kan. 351, 31 Pac. 153; *Polley v. Johnson,* 52 Kan. 478, 482, 35 Pac. 8; *National Bank v. Beegle,* 52 Kan. 709, 35 Pac. 814.) It is also argued that by a sale of growing crops license is given to enter on the land and sever and take the crops away when mature. This is the established law.

The defendants' argument must fail, unless growing crops are a part of the land on which they are growing. This question has been disposed of by this court, and we think by the supreme court of the United States. In *Mabry v. Harp,* 53 Kan. 398, 36 Pac. 743, this court said:

"Annual crops, like wheat, which are the product of industry and care, sown by the owner of the soil or his tenant, while growing and immature, are personal property." (Syl. ¶ 1.)

(See, also, *Caldwell v. Custard,* 7 Kan. 303, 307, and *Polley v. Johnson,* supra.)

McClain v. Miller.

In *Briggs v. United States*, 143 U. S. 346, 36 L. Ed. 180, 184, it was held that a sale of cotton already planted takes effect the moment the crop appears, and that delivery of the crop is not essential to the title. For the purpose of improving arable land, an Indian may cut timber from his allotment, and after the timber is severed, sell it. (*United States v. Paine Lumber Co.*, 206 U. S. 467, 51 L. Ed. 1139.)

"The great weight of authority is to the effect that annual crops, raised by yearly labor and cultivation, are, although unsevered from the soil, to be regarded as personal chattels and capable of being sold by oral contract, without regard to whether the crops are growing or matured." (Note, 23 L. R. A., n. s., 1219. See, also, exhaustive Note on "Sale or mortgage of future crops," in 23 L. R. A. 449-477.)

It is argued that because an Indian allottee is unable to lease his allotment without permission from the government, and because a verbal sublease by the lessee of the Indian is void, it follows that the Indian can not sell his share of the crops growing on the allotment. The weakness of this argument is that the purchaser from the Indian is not a lessee. If his purchase is void it is not because he has leased the land or any part thereof or interest therein.

We must conclude that Mish-no had the right to sell his share of the corn growing on his allotment. It follows that the trial court erred in granting a new trial for failure to give the instruction requested. The judgment is reversed, and the district court is directed to enter judgment on the verdict.