No. 24,065.

J. A. KESLER, as Executor of the Estate of LOTTIE HEBERLING,
*Appellee,* v. JAMES E. HEBERLING, *Appellant.*

SYLLABUS BY THE COURT.

ANNUAL CROPS—*Personal Property—Go to Executor.* As between executor
and devisee, on the death of the testator, crops growing on the land
devised go to the executor as assets in his hands under section 4524 of the
General Statutes of 1915.

Appeal from Osage district court; ROBERT C. HEIZER, judge. Opinion filed
March 10, 1923. Affirmed.

*W. S. Martin,* of Overbrook, and *A. K. Stavely,* of Lyndon, for the ap-
pellant.

*A. E. Crane,* of Topeka, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiff sues to recover on a promissory note
and to recover damages for the sale of wheat alleged to be the prop-
erty of the estate. The defenses were that there was no considera-
tion for the note and that the defendant owned the wheat. Judg-
ment was rendered in favor of the plaintiff on both causes of action,
and the defendant appeals.

The action was tried on an agreed statement of facts, which
showed that Lottie Heberling died March 8, 1919, leaving a will
which was probated, by which she gave to the defendant certain real
property; that the plaintiff was made executor of the will; that at
the time of her death, F. I. Jecks and William Madden were her
tenants on the land and had sixty-five acres of wheat growing
thereon; that by the terms of the lease, Lottie Heberling was to
receive one-half of the wheat and the tenants were to have the other
half; that after the wheat was harvested and threshed the defendant
took possession of the one-half of the wheat which was to have been
delivered to Lottie Heberling, sold a part of it for $873.77 and re-
tained 336 bushels thereof; that the plaintiff claimed all the wheat
and the defendant signed a note to the plaintiff for the $873.77 and
turned over to him the key to the bin containing the remainder of
the wheat; that afterward the defendant demanded of the plaintiff
the key to the bin containing the wheat and refused to pay the
note; and that thereafter, the defendant without the consent of the

plaintiff took the wheat in the bin and sold it. The estate had ample property outside the wheat to pay the debts of the estate.

The question for determination is: To whom did the wheat belong, the executor or the devisee? Section 4524 of the General Statutes of 1915 reads:

"The emblements or annual crops raised by labor, and whether severed or not from the land of the deceased at the time of his death, shall be assets in the hands of the executor or administrator, and shall be included in the inventory."

The statute makes no exception in favor of a devisee of land. A reasonable interpretation of the statute excludes devisees from the ownership of the crops growing on the lands at the death of the testator. In *Caldwell v. Custard*, 7 Kan. 303, 306, this court said:

"Testimony showing who was the owner of the land is not evidence as to who owns the annual crops growing on it. They are personal estate. [Citations.] So, in this state, they go to the personal representative as personal property, and not to the heir, and therefore evidence showing who owned the land would not show who owned the oats. They were not real estate before they were harvested, and ownership of the oats, which was in question, could not be established by proof as to who owned the land."

This rule has been followed in *Polley v. Johnson*, 52 Kan. 478, 483, 35 Pac. 8; *Mabry v. Harp*, 53 Kan. 398, 36 Pac. 743; *McClain v. Miller*, 95 Kan. 794, 149 Pac. 399; *Dannefer v. Aurand*, 106 Kan. 605, 608, 189 Pac. 371.

The rule followed by this court as declared in the cases cited accords with the indicated construction of the statute.

The judgment is affirmed.