No. 26,633.

## T. M. TRIPLETT et al., *Appellees*, v. THE FARMERS UNION COÖPERATIVE COMPANY, *Appellant*.

### SYLLABUS BY THE COURT.

CROPS—*Ownership—Sale of Crop by Trespasser.* In 1921 a landowner contracted to sell and convey his land. In the fall of 1921 the vendee bought seed wheat and hired the vendor to plow, harrow and drill to wheat sixty-six acres of the land. In February, 1922, the vendor brought an action to cancel the contract and to quiet his title against the vendee. The vendee answered claiming title and possession and prayed for ejectment of the vendor. In December, 1922, judgment was rendered in favor of the vendee. The vendee made timely effort to gain possession of the wheat crop, but was threatened with death if he went on the land. The vendor harvested the crop and, just before judgment was rendered against him, sold the wheat. *Held,* the purchaser of the wheat obtained no title, and is liable to the vendee of the land for its value.

Appeal from Anderson district court; HUGH MEANS, judge. Opinion filed April 10, 1926. Affirmed.

*S. A. Gard* and *G. R. Gard;* both of Iola, for the appellant.

*Charles W. Garrison,* of Topeka, and *J. Q. Wycoff,* of Garnett, for the appellees.

The opinion of the court was delivered by

BURCH, J.: The action was one by the owners of wheat to recover its value from a buyer who purchased from one having no title and no authority to sell. Plaintiffs recovered, and defendant appeals.

In 1921 Russell Smith owned and occupied a tract of land which he contracted to sell and convey to plaintiffs. In the fall of 1921 plaintiffs hired Smith to put sixty-six acres in wheat. Plaintiffs bought the seed, and paid Smith for plowing, harrowing and drilling the ground. Later Smith undertook to repudiate sale of the land, and refused to yield possession. In February, 1922, Smith commenced an action to set aside the contract of sale and to quiet his title. The defendants in that action, plaintiffs here, answered that they were owners of the land and were entitled to possession, and prayed that Smith be ejected. In December, 1922, judgment was rendered in their favor. While the action was pending Smith

Crops, 17 C. J. pp. 379 n. 5, 381 n. 34; 35 L. R. A. n. s. 1066; 38 L. R. A. n. s. 420; 8 R. C. L. 360. Lis Pendens, 38 C. J. p. 54 n. 81. Sales, 35 Cyc. pp. 351 n. 53, 357 n. 5. Vendor and Purchaser, 39 Cyc. pp. 1627 n. 71, 1710 n. 57.

harvested the wheat, and about three weeks before judgment was rendered against him, sold the wheat to defendant. In March, 1922, plaintiffs tried to obtain possession of the land. Later they tried to get possession of the wheat crop, but Smith told Triplett he would kill him if he came on the land.

Defendant admitted purchase of the wheat. Its answer alleged that at the time of the purchase Smith was occupying the land, had occupied it for a long time, and claimed to be and appeared to be the owner, and defendant knew nothing to the contrary; that Smith's possession was actual and open; that the wheat was grown upon the land, and threshed upon the land by Smith; that defendant had no knowledge that plaintiffs claimed the land or claimed any interest in the wheat; and that defendant paid Smith the full value of the wheat.

A buyer must know whether the seller has title to the goods offered for sale unless the true owner has clothed the seller with indicia of title or authority to sell. In this instance the owners did neither. They had a suit pending to establish their title to the land and to obtain possession of it for some months before the wheat was harvested, and any one seeking to base rights on Smith's possession of the land was charged with notice of what the public records disclosed affecting that possession.

Defendant says there is no such thing as *lis pendens* affecting title to personal property unless the property is in *custodia legis*. *Sherburne v. Strawn*, 52 Kan. 39, 34 Pac. 405, is cited as authority for the statement. The statement is beside the question, and *Sherburne v. Strawn* does not support it. All that was decided in that case was that *lis pendens* applies when personal property is in *custodia legis*. In this instance, defendant undertakes to vindicate title to personal property on the ground the seller from whom it purchased produced the property from land in his possession and which he appeared to own. The pending action gave notice to the world that plaintiffs claimed title to and possession of the land as against the occupant, and to whatever extent defendant's title to the wheat depends on the facts stated in its answer, it was bound by the judgment rendered in favor of plaintiffs against Smith.

Defendant says a person in possession of land, holding adversely, is entitled to crops raised or harvested before judgment of ouster. *Rathbone v. Boyd*, 30 Kan. 485, 2 Pac. 664, is cited as authority for the statement. In that case, Rathbone made a timber culture entry

of public land in October, 1878. In December, 1878, Eli Shrock filed a declaration of intention to purchase the land under the pre-emption law, settled on the land, and held possession until a contest was decided in Rathbone's favor and Rathbone gained possession by an action of forcible detainer in 1881. While Shrock was in possession, he planted and harvested a crop of wheat, which was delivered to Shrock's chattel mortgagee. It was held that Shrock's possession was adverse, and crops grown and harvested by him were to be regarded as belonging to him. Rathbone's remedy against him was by action for use and occupation, and not by action of replevin for the wheat. In this instance, Smith planted no wheat, and had none of the rights of a wheat grower. When the crop was planted, Smith did not claim adversely to plaintiffs. He acted as their hired man in sowing their land to wheat. Afterwards he held possession of the land as a disseizor, and held possession of the wheat under threat of violence to the owners. The result is, his acts were the acts of a willful trespasser who reaped where he did not sow.

Defendant cites the case of *Aultman & Taylor Co. v. O'Dowd*, 73 Minn. 58. In that case, Nelson produced and harvested crops which did not mature until after the period of redemption from a foreclosure sale expired. The court held Nelson was entitled to the crop, although he was a wrongdoer in holding over until he harvested it. It was conceded that the decision was contrary to the rule of the common law that title to crops goes with the land. In this state, the common law prevails with respect to immature crops. (*Smith v. Hague*, 25 Kan. 246; *National Bank v. Beegle*, 52 Kan. 709, 35 Pac. 814; *Myers v. Steele*, 98 Kan. 577, 158 Pac. 660.)

Other cases are collated in the opinion in *McClain v. Miller*, 95 Kan. 794, 796, 149 Pac. 399. Besides that, in the Minnesota case, stress was laid on the fact that the crops were the product of Nelson's husbandry. In the case of *Mabry v. Harp*, 53 Kan. 398, 36 Pac. 743, the syllabus reads:

"Annual crops, like wheat, which are the product of industry and care, sown by the owner of the soil or his tenant, while growing and immature, are personal property." (¶ 1.)

In the present case Smith did not sow the wheat, the crop was not the product of his industry or care, and he was not the owner of the land. He had no title to the wheat under any theory, and defendant obtained no better title from him than it would have obtained if he had stolen the wheat.

The judgment of the district court is affirmed.